# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**MARK EKE,**

      **Plaintiff,**                                                                    Civil Action No.: 8:18-cv-2941

v.

**UNITED THERAPEUTICS, et. al.,**

      Defendants.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST
## FOR PRODUCTION OF DOCUMENTS TO UNITED THERAPUETICS, ET. AL.
---

      Plaintiff Mark Eke, by and through his attorneys, and pursuant to Federal Rule Civil Procedure 33 and 34, responds to Defendant United Therapeutics, et. al.'s First Set of Interrogatories and Request for Production of Documents to Defendant.

## **GENERAL OBJECTIONS**

      1.      These responses, while based on diligent exploration by plaintiff, reflect only the current state of plaintiff's knowledge, understanding and belief with respect to the matters addressed. These responses are neither intended as, nor shall they in any way be deemed, admissions or representations that further information or documents do not exist. Without in any way obligating himself to do so, plaintiff reserves the right to modify or supplement these responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to plaintiff's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

      2.      Plaintiff objects to each and every discovery request to the extent the discovery request seeks to discover any attorney/client communication and information concerning

analysis and evaluations of this case and related matters involving legal counsel. To the extent any discovery request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every discovery request is hereby interposed.

3. The information supplied in these responses is not based solely on the knowledge of plaintiff, but includes knowledge of plaintiff, his agents, representatives and attorneys, unless privileged.

4. The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses, and does not purport to be the precise language of the executing party.

5. Plaintiff objects to the instructions and definitions contained in the discovery requests to the extent that Defendant seeks to impose obligations not required by the Maryland or Federal Rules of Civil Procedure.

6. The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

INTERROGATORIES

INTERROGATORY NO. 1: Without regard to the manner by which the information has been obtained, identify each and every person who you believe has knowledge of any facts relating to your decision to execute the Separation Agreement or your contention that you executed the Separation Agreement under duress, and provide a detailed description of the knowledge believed to be possessed by each such person, all relevant facts that each such person is believed to possess, and all documents, if any, that each such person is believed to have examined, has in his or her possession, or of which such person has knowledge.
**RESPONSE:.**

**Ike Eke - Brother. He has knowledge and facts relating to my decision to execute the separation agreement and of the duress that I was under leading to my forced execution. He knew about the threats I received from Shola Oyewole and I kept them informed via phone calls or in person conversations every time Shola and I met or discussed.**

**Ife Eke – Brother. He has knowledge and facts relating to my decision to execute the separation agreement and of the duress that I was under leading to my forced execution. He knew about the threats I received from Shola Oyewole and I kept them informed via phone calls or in person conversations every time Shola and I met or discussed.**

**Mikia Clemmons- Friend. She has knowledge and facts relating to my decision to execute the separation agreement and of the duress that I was under leading to my forced execution. She knew about the threats I received from Shola Oyewole and I kept them informed via phone calls or in person conversations every time Shola and I met or discussed.**

INTERROGATORY NO. 2: Identify each and every person with whom you have had conversations, from whom you have taken or received written statements and/or with whom you have exchanged or received correspondence, e-mail, text messages, voice mail, or other electronic communications with relating in any way to the Separation Agreement, your decision to execute the Separation Agreement or your contention that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint, including the dates and subject matter for each.

**Response: See Response to Interrogatory No. 1. I kept each of these individuals named in my response to Interrogatory No. 1 informed of issues concerning the separation**

**agreement via telephone or in person. I do not recall the exact dates, but each occurred in January 2017.**

INTERROGATORY NO. 3: Identify the individual referenced as "Eke's brother" in Paragraph 71 of the Complaint, including his current home address and telephone number.

**Response: Ife Eke, ███████████████ Silver Spring, MD 20910, ███████1679**

INTERROGATORY NO. 4: Identify and describe in detail any contact or communication you had with any current or former employee or manager of United Therapeutic in January 2017 (other than those described Paragraphs 67-72 of the Complaint) which you maintain affected your decision to execute the Separation Agreement or purportedly caused you execute the Separation Agreement under duress.

**Response: Other than those described in paragraphs 67-72, None.**

INTERROGATORY NO. 6: Identify all telephone numbers and carrier for each, personal email addresses and social and business networking accounts (e.g., LinkedIn, Facebook, Twitter, Instragram, etc.) or other third-party electronic messaging apps (e.g. Facebook Messenger, WhatsApp, etc.) Plaintiff has maintained or used in January and/or February 2017.

**Response: ███████5700 (AT&T), markeke@yahoo.com, mark.n.eke@gmail.com,**

INTERROGATORY NO. 7: Identify and describe each electronic device (e.g. desktop computer, laptop, mobile phone, tablet, etc.) that Plaintiff maintained or used in January and/or February 2017, including a complete description of each device (i.e. manufacturer/model/serial number) and whether this device is in Plaintiff's custody or control. If any such electronic device is no longer in Plaintiff's custody or control, describe in detail the location of each such device and whether any such device was destroyed, sold and/or erased and approximately when this occurred.

**Response:**

- Brand: Apple
  Model: iPhone 7 Plus
  Serial #: C39SFHTMHFYF
  Status: Lost

- Brand: Samsung
  Model: Note Edge
  Serial #: R38G706D4YR
  Status: Available

- Brand: Dell
- Model: Inspiron 5720
- Serial #: HQ6BFT1
- Status: Available

INTERROGATORY NO. 8: Identify any income Plaintiff received in January and February 2017 and describe in detail the nature and source of any such income, the gross amount of any such income and the dates on which such income was received.

| Date | Depositor | Reason | Amount |
|---|---|---|---|
| 01-12-17 | United Therapeutics | Concur Expense | $121.55 |
| 01-12-17 | United Therapeutics | Direct Deposit | $1250.10 |
| 01-30-17 | United Therapeutics | Direct Deposit | $2157.92 |
| 01-31-17 | United Therapeutics | Education Assistance | $5,126.17 |
| 02-14-17 | United Therapeutics | Severance | $18,658.66 |

INTERROGATORY NO. 9: Identify all documents referred to, identified in or in any consulted or relied upon in formulating your Answers to these Interrogatories, whether or not specifically identified in your Answers. In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

**Response:** I used my bank account statements for January and February 2017 to formulate my answers to questions in Interrogatory #8.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: All documents identified in or relied upon in preparing Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff served concurrently herewith.

**Response: See Doc. 1-63.**

REQUEST NO. 2: All communications, including email, text messages, voicemail messages, social media posts or messages, and other electronic communications (e.g. Facebook messenger, WhatsApp, etc), between you and Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, Robert Daye, Timothy Atolagbe, Alyssa Friedrich and/or "Eke's brother" (identified in Paragraph 71 of the Complaint) sent or received between January and February 2017.

**Response: See Doc. 1-63.**

REQUEST NO. 3: All documents memorializing, referring or relating to any communications (including phone records showing the date, time and duration of any telephone communications) with Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, Robert Daye, Timothy Atolagbe, Alyssa Friedrich and/or "Eke's brother" (identified in Paragraph 71 of the Complaint) sent or received between January and February 2017.

**Response: See Doc. 1-63.**

REQUEST NO. 4: All communications, including email, text messages, voicemail message, social media posts or messages, and/or other electronic communications (e.g. Facebook messenger, WhatsApp, etc),, between you and any other person (excluding your attorneys of record in this litigation) regarding the Separation Agreement, your decision to execute the Separation Agreement or your contention that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint.

**Response: See Doc. 1-63. Plaintiff will supplement if further documentation comes available.**

REQUEST NO. 5: All documents memorializing, referring or relating to communications (including phone records showing the date, time and duration of any telephone communications) between you and any other person (excluding your attorneys of record in this litigation) regarding the Separation Agreement, your decision to execute the Separation Agreement or your contention that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint.

**Response: See Doc. 1-63. Plaintiff will supplement if further documentation comes available.**

REQUEST NO. 6: All documents maintained by Plaintiff (including, by way of example, diaries, journals, calendars, day-timers, appointment books, handwritten and/or personal notes, emails, tape recordings, recordings of telephone conversations or messages, and notes of meetings) describing, relating to, referring to or touching upon the Separation Agreement, your decision to execute the Separation Agreement or your contention that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint.

**Response: See Doc. 1-63. Plaintiff will supplement if further documentation comes available.**

REQUEST NO. 7: Any and all recordings made of any conversation or communication between Plaintiff and any agent or employee of Defendants concerning or relating to the Separation Agreement, your decision to execute the Separation Agreement or your contention

that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint.

**Response: None.**

REQUEST NO. 8: All documents reflecting any income Plaintiff received in January and February 2017.

**Response: Plaintiff is conducting a diligent search and will supplement all relevant documents once obtained.**

REQUEST NO. 9: All documents not otherwise requested herein that support, reflect, refer or relate to your contention that you executed the Separation Agreement under duress as set forth in Paragraphs 67-72 of the Complaint.

**Response: See Doc. 1-63. Plaintiff will supplement if further documentation comes available.**

/s/ *Ikechukwu Emejuru*
Ikechukwu Emejuru
**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638-2786
Facsimile: 1-800-250-7923
iemejuru@emejurulaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Defendant's First Set of Discovery was served via electronic mail, on this 2nd day of December 2019 to the following:

Eric J. Janson
Christine M. Costantino
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004

(202) 463-2400 (telephone)
(202)828-5393 (fax)
ejanson@seyfarth.com
ccostantino@seyfarth.com

*Counsel for Defendants*

By: */x/Ikechukwu Emejuru*