# EXHIBIT B

# SEYFARTH SHAW

975 F Street, N.W.
Washington, D.C. 20004-1454
(202) 463-2400
fax (202) 828-5393
www.seyfarth.com

WASHINGTON, D.C. | SYDNEY | SHANGHAI | SAN FRANCISCO | SACRAMENTO | NEW YORK | MELBOURNE | LOS ANGELES | LONDON | HOUSTON | CHICAGO | BOSTON | ATLANTA

Writer's direct phone
(202) 828-3532

Writer's e-mail
ejanson@seyfarth.com

December 4, 2019

**VIA ELECTRONIC MAIL**

Ikechukwu Emejuru, Esq.
Emejuru Law LLC
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910

Re:   <u>Mark Eke v. United Therapeutics – Discovery Deficiencies</u>

Dear Mr. Emejuru:

Pursuant to Local Rule 104.8 and the Court's September 18, 2019 Order, I am writing to discuss your client's deficient responses to Defendant's First Set of Interrogatories and Document Requests that we received on December 2, 2019. In particular, Plaintiff's answers to Defendant's Interrogatories appear to be prepared in haste, lack basic responsive information, and are unverified. Plaintiff's responses to Defendant's Document Requests are similarly flawed as the documents produced are whole insufficient in a number of critical areas. Despite their general inadequacy and to avoid further delays to what is already an abbreviated discovery period, I outline below only the most significant deficiencies and request immediate supplementation. If Plaintiff's responses to Defendant's discovery requests are not supplemented by <u>Monday, December 9, 2019</u>, we will have no choice but to contact Judge Xinis seeking an immediate telephone conference.

<u>Verification</u> -   As an initial matter, Plaintiff's interrogatory responses have not been verified by Plaintiff. As you are well aware, under Federal Rules of Civil Procedure 33(b), "each interrogatory shall be answered separately and fully in writing under oath…[and] the answers are to be signed by the person making them, and the objections signed by the attorney making them." (emphasis added). Without this verification, Plaintiff's interrogatory responses are meaningless and, indeed, constitute a failure to respond. Accordingly, Plaintiff is directed to supplement his initial answers as set forth herein and provide the appropriate verification.

60521165v.1



Ikechukwu Emejuru, Esq.<br>
December 4, 2019<br>
Page 2

<u>Interrogatory Nos. 1 and 2</u> – These interrogatories require Plaintiff to identify each and every person that he believes has knowledge of any facts relating to his decision to execute the Separation Agreement or his contention that he executed the Separation Agreement under duress, as well as any person with whom he had verbal, written or electronic conversations regarding the same, and provide a <u>detailed description</u> of the knowledge believed to be possessed by each such person, all relevant issues or facts as to which each such person is believed to possess.

In response, Plaintiff provided the names of three (3) individuals with only a generic and summary description of their purported knowledge. For example, and without limitation, Plaintiff failed to provide any level detail how each of these individuals allegedly "know about the threats [he] received from Shola Oyeole." Plaintiff also provides no date(s) or detail(s) regarding his alleged "phone calls or in-person conversations" with each of them "every time Shola and [he] met or discussed" the Separation Agreement or his purported duress. Indeed, it is seemingly unclear from Plaintiff's response whether any of this information is first-hand knowledge or simply hearsay based on what Plaintiff's relayed to each of them which is critical in determining whether further depositions will be required. As a result, Plaintiff must supplement his answer accordingly. Likewise, pursuant to Instruction D, Plaintiff should also provide the last known address and telephone number for Ike Eke and Mikia Clemmons.

<u>Document Request Nos. 2-5</u> -- These document requests require Plaintiff to produce all documents and communications between Plaintiff and Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, Robert Daye, Timothy Atolagble, Alyssa Frederich, Ike Eke, Ife Eke, and Mikia Clemmons sent or received between January and February 2017, as well as any documents or communications (without time limitation) that refer, reflect or relate to Plaintiff's decision to execute the Separation Agreement or his contention that he executed the Separation Agreement under duress. However, it is apparent based on the 63 total pages produced that Plaintiff's search for responsive written and/or electronic documents and communications is wholly deficient in a number of critical areas, namely:

(a)     Plaintiff has failed to produce <u>any</u> emails, texts, or other electronic communications with Ife Eke, Ike Eke and/or Mikia Clemmons from January and February 2019 and/or Plaintiff's decision to execute the Separation Agreement or his contention that he executed the Separation Agreement under duress and must supplement his production accordingly;

(b)     Plaintiff has failed to produce copies of his telephone records (from his AT&T mobile provider) from January and February 2017 reflecting, *inter alia*, any of his alleged January 2017 telephone communications with Shola Oyewole (see Compl. at Para 68 and 71), any communications he allegedly had with anyone from United Therapeutics in January or February 2017, including, Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, Robert Daye, Timothy Atolagble, and Alyssa Frederich, as well as any communications he purportedly had during or after January 2017 with Ike Eke, Ife Eke, Mikia Clemmons regarding his decision to execute the Separation Agreement or his contention that he executed the Separation Agreement under duress. These records are readily available by visiting any AT&T wireless store or by calling 800-331-0500 (bills older than 2 years are provided free of charge of account holders).



Ikechukwu Emejuru, Esq.
December 4, 2019
Page 3

 (c) Plaintiff has failed to produce <u>any</u> emails or text communications to/from Plaintiff and Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, and/or Robert Daye from January or February 2017. Indeed, based the emails and text messages reflected in Defendant's document production, it is plainly obvious that Plaintiff either intentionally omitted a series of responsive (but unfavorable) email and text communications from January 2017 to/from these individuals, selectively deleted such communications and/or or performed a careless search of his telephone and/or email account(s) for responsive documents. Plaintiff must perform a comprehensive search of his computer, mobile device(s) and/or email account(s) and supplement his production accordingly; and

 (d) Please confirm that Plaintiff has reviewed his computer and/or mobile phone(s) for responsive WhatsApp and/or other third-party electronic messaging services during and after January 2017 to/from anyone from United Therapeutics, including, Shola Oyewole, Jenesis Rothblatt, Martine Rothblatt, Robert Daye, Timothy Atolagble, and Alyssa Frederich, as well as Ike Eke, Ife Eke, and Mikia Clemmons.

 <u>Document Request No. 8</u> – This document request simply asks for any documents reflecting any income Plaintiff received in January and February 2017 which is directly relevant to the issue of his purported economic duress. Plaintiff indicated that he is "conducting a diligent search and will supplement all relevant documents once obtained. However, in response to Interrogatory No. 9, he states that he used his bank statements for January and February 2017 to formulate his answer to Interrogatory No. 8 regarding income received during these months. Therefore, Plaintiff clearly has access to and/or possession of these bank statements and they must be produced accordingly.

 To avoid further delays in the discovery process, including Plaintiff's deposition scheduled for January 17, 2019, please provide immediate supplementation as outlined above no later than <u>Monday, December 9, 2019</u>. If we do hear from you or receive appropriate supplementation by this date, we will have no choice but to seek Court intervention. If you have any further questions, or would like to set up a call to discuss further, please let me know when you are available this week.

       Sincerely,

       SEYFARTH SHAW LLP

       Eric J. Janson

Cc: Andrew Nyombi (via email)
   Onyebuchim Aduire Chinwa (via email)

60521165v.1