# EXHIBIT D

**Janson, Eric J.**

| | |
|---|---|
| **From:** | Janson, Eric J. |
| **Sent:** | Monday, December 16, 2019 5:44 PM |
| **To:** | Ike Emejuru |
| **Subject:** | RE: Eke v. United Therapeutics et al - Notice of Intent to Serve Subpoena |

Ike,

As Plaintiff has been unwilling to provide with any specificity the dates/details of any of his communications during this time from (Jan-Feb 2017) regarding his separation agreement and/or alleged claims of duress, including anyone from UT and/or those individuals he identified in response to Interrogatory No. 1 (which would not be limited to "parties"), this subpoena has become critical. Indeed, it was our hope that a subpoena would not have been necessary had Plaintiff simply complied with these requests and produced responsive texts/phone records and/or submitted a subpoena himself when these discovery requests were propounded 45 days ago. To the extent your client has concerns regarding the substance of any texts, AT&T has informed us that these phone records will NOT contain the content of any text messages (as the substance of texts are not retained by AT&T for 3 years ago). Therefore, I do not see how the production of your client's phone records for these two months is objectionable in any way. If you would like to discuss this matter further tonight or tomorrow, prior to reaching out to Judge Xinis (pursuant to her 9/18/19 order), please do not hesitate to reach out.

Eric J. Janson | Partner
Washington, DC | Ext: 793532 (+1-202-828-3532)
ejanson@seyfarth.com

-----Original Message-----
From: Ike Emejuru <iemejuru@emejurulaw.com>
Sent: Monday, December 16, 2019 5:25 PM
To: Janson, Eric J. <EJanson@seyfarth.com>

Subject: Re: Eke v. United Therapeutics et al - Notice of Intent to Serve Subpoena

[EXT. Sender]

Eric:

Without going into the merits of the case (which you continue to
litigate over email), we understand the right to third party subpoena.
But your requests are seriously overbroad and irrelevant because you are
asking for documents outside the scope of this case. This is especially
so for the text messages from every single individual that he had

1

contact with during your time frame and that have nothing to do with the case. (See Request No. 1). This is what my client was informed that AT&T may turn over. That is, text messages from people that have nothing to do with this case. I would implore you to narrow down the requests to the parties in this case only. If so, we may be able to resolve this issue.

We plan to file the motion today and prevent AT&T from releasing the records until the request is narrowed.

I am free on my cell phone tonight.

Thanks,

Ike

---
Ikechukwu Emejuru   |   Emejuru Law LLC
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910   |   Tel: 240 638 2786
Fax: 1800 250 7923   |   Email: iemejuru@emejurulaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.emejurulaw.com&d=DwICAg&c=fMwtGtbwbi-K_84JbrNh2g&r=bQn-qeG6-_rEDbpVoYf6f49a88xcjOOJsvzpd-JE4AM&m=wnWQ_UYUG5fvRI5AND66HdmcN_21pD_X-B-mnNIZHb4&s=7lOb4uMY6IFztUV_crGOLjHfnNFCVs5uahXxDO9CLSY&e=

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

On 2019-12-16 3:33 pm, Janson, Eric J. wrote:
> Ike,
>
> The subpoena has already been served to AT&T so at this point you
> would need to file a motion to quash. However, I would note that
> during our last call, you specifically directed us to subpoena these
> phone records for your client from AT&T since you did not produce them
> in response to our discovery requests or in response to our deficiency
> letter (claiming they no longer accessible). Indeed, not only has
> your client not produced any records to substantiate his claims that
> he had phone calls with Shola in January 2017, but he has also has not
> produced any records of his communications with Ike, Ife, or Mikia
> Clemmons regarding the allege "threats" he purportedly received. Our
> requests are narrowly tailored to this precise time period at issue
> and we do not believe they are overly broad as to time or scope in any
> way.
>
> Feel free to give me a call if you would like to discuss further.
>
> _____
>
>
>
>
>

2

> Eric J. Janson | Partner | Seyfarth Shaw LLP
> 975 F Street, N.W. | Washington, DC 20004
> Direct: +1-202-828-3532 | Fax: +1-202-463-2400
> ejanson@seyfarth.com | http://www.seyfarth.com
>
>
> ------------------------------------
> The information contained in this transmission is attorney privileged
> and/or confidential information intended for the use of the individual
> or entity named above.  If the reader of this message is not the
> intended recipient, you are hereby notified that any use,
> dissemination, distribution or copying of this communication is
> strictly prohibited.
> ------------------------------------
>
> -----Original Message-----
> From: Ike Emejuru <iemejuru@emejurulaw.com>
> Sent: Monday, December 16, 2019 3:19 PM
> To: Janson, Eric J. <EJanson@seyfarth.com>
> Subject: Re: Eke v. United Therapeutics et al - Notice of Intent to
> Serve Subpoena
>
> [EXT. Sender]
>
> ERic:
>
> I believe your subpoena is over-broad and not limited within scope and
> at this point, I am inclined to object. We can chat really quickly if
> you would like.
>
> Best,
>
> Ie
>
> ---
> Ikechukwu Emejuru   |  Emejuru Law LLC
> 8403 Colesville Road, Suite 1100
> Silver Spring, MD 20910  |  Tel: 240 638 2786
> Fax: 1800 250 7923  |   Email: iemejuru@emejurulaw.com
> https://urldefense.proofpoint.com/v2/url?u=http-3A__www.emejurulaw.com&d=DwICAg&c=fMwtGtbwbi-K_84JbrNh2g&r=bQn-qeG6-_rEDbpVoYf6f49a88xcjOOJsvzpd-JE4AM&m=O08fTHR0oIgP2Be0wHIktQ13U9R5Em7L0oFUtFlHQPA&s=hwzvYz95SS_fFkaZ4dyMMjDH4vTJ1_4IU1i1KrHWXzQ&e=
>
> This email may contain confidential and privileged material for the
> sole
> use of the intended recipient(s).  Any review, use, distribution or
> disclosure by others is strictly prohibited.  If you are not the
> intended recipient (or authorized to receive for the recipient), please
> contact the sender by reply email and delete all copies of this
> message.
>
> On 2019-12-16 11:54 am, Janson, Eric J. wrote:

3