IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK EKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED THERAPEUTICS, *et al.*, | )   Civil Action No. 8:18-cv-2941 |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT STATUS REPORT REGARDING PROPOSED SCHEDULING ORDER**

In accordance with the Court's March 4, 2021 Order, Counsel for Plaintiff, Mark Eke, and Defendants, United Therapeutics Inc. ("UT") and Martine Rothblatt, Jenesis Rothblatt, Shola Oyewole and Robert Daye (collectively, "Individual Defendants") have conferred regarding Phase 2 discovery in this case and propose the following:

(1) **Mediation / Stay of Discovery**

Plaintiff's position:  Plaintiff does not consent to Defendant's position. Plaintiff instead proposes that the parties begin Phase 2 discovery on the date of the Court's imminent scheduling order. Good cause exists for adopting this proposal. Plaintiff filed suit approximately 20 months ago. Although Plaintiff filed a legally sufficient complaint then, Plaintiff has not conducted discovery on the merits of his claims. There is no legitimate reason to delay discovery any further. After all, the parties will likely spend the first 30 days of Phase 2 discovery exchanging written discovery requests and responses. So, the parties will likely not conduct any depositions during the first 30 days of discovery. During that period, the parties can have a good faith discussion about whether private mediation is the appropriate vehicle for early resolution at this time.  Also, any further delay to discovery will hinder Plaintiff's ability to gather the materials

needed to litigate his claims effectively and timely. Thus, staying discovery for 45 days will cause Plaintiff significant prejudice. The Court should therefore not adopt Defendants' request for a 45-day discovery stay and instead order that the parties resume discovery immediately.

Defendants' position: Defendants propose a forty-five (45) stay of discovery so the parties can attempt to resolve their dispute through private mediation.  Defendants believe that the stay of discovery pending mediation will permit the parties to focus resources on resolution and maximize the opportunity for successful resolution.  Should the parties be unable to resolve their dispute during at mediation, Defendants respectfully request that the scheduling order be modified as detailed below.

(2)     **Deadline for Joinder/Amendment of Pleadings**

The parties propose a deadline for Joinder/Amendment of Pleadings to on or before July 1, 2021.

(3)     **Initial Disclosures**

The parties will exchange initial disclosures on/before May 24, 2021.

(4)     **Expert Discovery**

The parties propose that Plaintiff's Rule 26(a)(2) expert disclosures be due on or before August 20, 2021; Defendant's Rule 26(a)(2) expert disclosures shall be due on or before September 20, 2021.

(5)     **Completion of Discovery**

The parties jointly propose that discovery be completed by October 19, 2021.

(6)     **Motion for Summary Judgment**

Plaintiff's position:  Plaintiff proposes that Defendants receive 30 days after the close of discovery to file their summary-judgment motion. Plaintiff also proposes that Plaintiff receive 45

days after the filing of Defendants' summary-judgment motion to file his opposition brief and that Defendants receive 30 days after the opposition-brief filing date to file a reply.

Defendants' position: Defendants anticipate filing a motion for summary judgement after the close of discovery.  Given that the allegations at issue span several years and will require extensive written and electronic discovery and deposition testimony, Defendants respectfully request 60 days after the close of discovery to submit its motion for summary judgment.

(7) **Pretrial Conference Date**

Plaintiff's position: Plaintiff proposes that a pretrial conference be held 30 days after the resolution of any dispositive motions filed with the Court.  If no dispositive motions are filed, the parties propose that a pretrial conference be held 30 days after the close of discovery.

Defendants' position: Defendants propose that a pretrial conference be held sixty (60) days after the resolution of any dispositive motions filed with the Court.  If no dispositive motions are filed, Defendants propose that a pretrial conference be held sixty (60) days after the close of discovery.

(8) **Motion to Bifurcate Trial**

Defendants' Position: Pursuant the Court's March 4, 2021 Order, should Defendants wish to file a motion to bifurcate trial, they shall file a letter motion (not to exceed 3 pages) no later than March 29, 2021.

Plaintiff's Position: Plaintiff opposes the motion for the same reasons set forth in his opposition at ECF 39. Plaintiff further believes that no additional briefing for this issue is needed. The Court noted that the parties have already briefed this issue and that Defendants should only "supplement" their response with additional authority, rather than briefing. If the

Court grants Defendants' request, then Plaintiff shall file a letter in opposition (not to exceed 3 pages) no later than April 30, 2021.

(9)     **Written Discovery / Depositions**

Plaintiff's position: As this case involves multiple defendants, Plaintiff proposes that Plaintiff propound written discovery to each individual defendant in accordance with the Federal Rules of Civil Procedure. In the event that a party requires additional discovery opportunities, the parties will confer before seeking leave of court for such additional discovery.

Defendants' position: Defendants propose that the limitations on interrogatories set forth in Fed. R. Civ. P. 33 be modified to limit Plaintiff to service of ten (10) interrogatories to each individual defendant. Such limitation will still require Defendants to collectively respond to up to sixty-five (65) interrogatories. In the absence of such modification, Defendants may be required to respond to one hundred and twenty-five (125) interrogatories. Defendants submit that such written discovery is excessive and not proportional to the needs of this litigation.

Defendants also propose that the parties take no more than ten (10) depositions per side. Defendants do not anticipate any further changes need to be made to the limitations on discovery imposed by either the Federal Rules or the Local Rules of this Court. In the event a party requires additional discovery opportunities, they will confer before seeking leave of court for such additional discovery.

(10)    **Electronically Stored Information**

The parties have conferred about disclosure, discovery, and preservation of electronically stored information ("ESI") and agree that responsive electronic documents in this case will be produced initially in PDF format; however, each party reserves the right to specifically request production of ESI in native format upon demonstrating a particularized need for the native files.

The parties agree to consult with each other regarding ESI discovery requests and whether a particularized need for native file production has been demonstrated prior to seeking court intervention.  All production is subject to privilege, work product doctrine, and other objections. The parties reserve the right to identify such documents as not reasonably accessible in accordance with Fed. R. Civ. P. 26(b)(2)(B).

(11)    **Stipulated Protective Order**

The parties expect to be able to agree to a stipulated protective order for the purpose of protecting against the disclosure of confidential, proprietary and/or personal information of the parties and will forward it to the Court for execution and entry.  In the event the parties are unable to jointly agree to an appropriate protective order, either party may move the Court for entry of a protective order.

 */s/ Ike K. Emejuru (with approval)*
Ikechukwu K. Emejuru
**EMEJURU LAW, LLC**
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910
(240) 683-2786 (telephone)
iemejuru@emejurulaw.com

*/s/ Eric J. Janson*
Eric J. Janson
Christine M. Costantino
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, D.C. 20004
(202) 463-2400 (telephone)
(202) 828-5393 (facsimile)
ejanson@seyfarth.com
cocostantino@seyfarth.com

*Attorneys for Defendants*

Andrew Nyombi
**KNA PEARL**
8701 Georgia Avenue
Suite 606
Silver Spring, MD 20910
(301) 585-1568
anyombi@knapearl.com

Onyebuchim Aduire Chinwah
**The Chinwah Firm LLC**
8403 Colesville Road
Suite 1100

Silver Spring, MD 20910
oc@chinwahfirm.com

*Attorneys for Plaintiff Mark Eke*

68573832v.1