IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____
MARK EKE,                                              )
                                                               )
              Plaintiff,                                     )
                                                               )
      v.                                                       )
                                                               )
UNITED THERAPEUTICS, *et al.*,          )    Civil Action No. 1:18-cv-2941
                                                               )
                                                               )
              Defendants.                                )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED THERAPEUTICS CORPORATION'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT TO ASSERT COUNTERCLAIMS AGAINST PLAINTIFF**

Defendant, United Therapeutics Corporation ("UT"), by and through undersigned counsel and pursuant to the Court's March 15, 2021 Amended Scheduling Order, Rule 13 and 15 of the Federal Rules of Civil Procedure and Local Rule 103.6, hereby respectfully move this Court for leave to amend its Answer to the Amended Complaint to add certain Counterclaims against Plaintiff. For the reasons set forth below, and for those set forth in its motion, Defendant's motion should be granted.

**BACKGROUND**

Pursuant the Court's October 29, 2019 Scheduling Order, discovery in this case was originally bifurcated and the parties were ordered to conduct Phase 1 discovery on the limited issue of whether Plaintiff knowingly and voluntarily released his claims as memorialized in the January 2017 separation agreement between Plaintiff and Defendant UT. Dkt. No. 43. At that time, neither party was permitted to engage in any discovery regarding the underlying allegations of sex discrimination and sexual harassment asserted by Plaintiff. The Court further stated that should

the Court deny summary judgment on this Phase 1 threshold issue, the Court would schedule a second status conference to set deadlines for the remainder of the case. *Id.*

Following the completion of Phase 1 discovery and the disposition of Defendants' motion for summary judgment, the Court ordered that the parties confer regarding Phase 2 discovery and other proposed deadlines. Dkt. No. 75. To that end, the parties jointly prepared a Status Report which provided for the remaining deadlines in this case, including a deadline of July 1, 2021 for the amendment of pleadings. Dkt Rep. 76. On March 15, 2021, the Court approved the parties' joint submission and issued an Amended Scheduling Order which required that motions for amendment of pleadings by filed by July 1, 2021. Dkt. No. 77.

In conformance with this March 15, 2021 Scheduling Order, and as detailed herein, Defendant UT seeks to amend its Answer to the Amended Complaint to add certain counterclaims against Plaintiff for breach of contract, unjust enrichment and detrimental reliance. These claims are based on Plaintiff's material breach of the separation agreement by asserting discrimination, sexual harassment and "aiding and abetting" claims against Defendants that he previously released and for making false and disparaging statements about UT and those he released in the agreement, to various third parties, including his brothers, employees at UT, as well as the media.

## ARGUMENT

In determining whether a defendant should be permitted to file a counterclaim after it has filed its responsive pleading, "Rule 13(f) of the Federal Rules of Civil Procedure, which permits amendment of the pleadings to add an omitted counterclaim, is interpreted together with Rule 15(a) on amendment of pleadings, which provides that 'leave [to amend] shall be freely given when justice so requires.'" *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011)(citing *Lone Star Steakhouse & Saloon v. Alpha of Va., Inc.*, 43 F.3d 922,

940 (4th Cir. 1995)).  Where a motion for leave to amend to file a counterclaim is filed in conformance with a deadline set forth in a scheduling order -- as is the case here -- the party seeking to add the counterclaim simply bears the burden of satisfying the standard under Fed. R. Civ. Pro 15(a).  Federal Rule of Civil Procedure 15 adopts a liberal standard by which federal courts are to judge the propriety of allowing a party to amend its pleading and provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Similarly, the Fourth Circuit has held that courts should "liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)).  The Fourth Circuit has also made clear that denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  Plaintiff cannot demonstrate any of these factors weigh in favor of denying Defendant's proffered counterclaims and the Court should grant Defendant's leave to amend.

    A.    **Plaintiff Would Suffer No Prejudice By Permitting These Counterclaims to Proceed.**

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.... [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the [other party's] part." *Newport News Holdings Corp. v. Virtual City Vision, Inc*., 650 F.3d 423, 439–40 (4th Cir. 2011).  However, delay alone is insufficient to deny leave to amend. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986).  Likewise, the Fourth Circuit has held that "although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for

3

a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013)(quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

Plaintiff cannot possibly demonstrate any meaningful prejudice by having to respond to and defend against these proposed counterclaims. As noted above, Phase 1 of this case was limited solely to the issue of whether Plaintiff was foreclosed from asserting his discrimination and harassment claims based on the release of claims he agreed to as part of his January 2017 separation agreement. Now that the Court has determined (at least for purposes of summary judgment) that Plaintiff is not prohibited from bringing forward these claims, it is likewise appropriate for Defendant UT to bring forth its own claims against Plaintiff which flow directly from the same facts and issues as those on which Plaintiff's claims against Defendants are purportedly founded-- namely, whether there is any truth to Plaintiff's allegations that he was subjected to discrimination and sexual harassment by Defendant Jenesis Rothblatt while employed at Defendant UT and that the Individual Defendants purportedly were aware of and "aided and abetted" in this alleged discrimination. Defendant submits that there is no factual basis for such claims and Plaintiff has simply raised them in an effort to renegotiate a higher monetary payment than he was able to negotiate on his own as part of his separation agreement in 2017. Defendant also learned during Phase 1 discovery that Plaintiff repeated these false and disparaging allegations to a number of third parties and it is entirely reasonable -- if not compulsory[1] -- for Defendant UT to now pursue its claims against Plaintiff stemming from his violation of the separation agreement.

---

[1] As these are compulsory counterclaims which "arise out to the same transaction and occurrence" as Plaintiff's claims of discrimination and harassment, and which have a limited statute of limitations under Maryland law, Defendant UT would potentially be legally prohibited from bringing forth these claims if they are not pursued as part of this action.

In addition, the parties still have more than 4 1/2 months remaining in Phase 2 discovery and have ample time to complete any additional discovery that may stem from these proposed counterclaims. Indeed, it should be noted that Plaintiff has not conducted any written discovery on the underlying issues of discrimination and harassment and has not initiated any depositions. Discovery related to Defendant's counterclaims falls squarely within the scope of discovery that is already at issue in Phase 2 discovery – necessitating at most a few additional depositions and third-party subpoenas which would not unduly add to or delay discovery or trial in any way. *See e.g. Carolina Coupon Clearing, Inc. v. Cardinal Health Managed Care Services, LLC*, 2017 WL 5634903, at *3–4 (M.D.N.C. 2017)(noting that added counterclaims did not cause any prejudice to plaintiff where the court has yet to set a date for trial and over a month remained in discovery). Therefore, Plaintiff cannot demonstrate that he would suffer any prejudice by permitting Defendant to add these counterclaims at this stage of the case.

      **B.**     **Plaintiff Cannot Show Any Bad Faith on the Part of Defendant UT.**

Plaintiff also cannot demonstrate any bad faith on the part of Defendant UT in bringing forth these counterclaims at this time. "Bad faith includes seeking to amend a complaint for an improper purpose or seeking leave to amend after repeated pleading failures." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017). Courts have also found that a party acts in bad faith in bringing a motion for leave to amend, for example, when their amendment fails to "advance a colorable legal argument." *McCall-Scovens v. Blanchard,* No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016).

Here, Defendant sought at the outset of this case to avoid unnecessary legal expense and maximize judicial economy by trying to streamline discovery and obtain dismissal based solely on the release of claims that Plaintiff signed as part of his January 2017 separation agreement. Now

5

that the Court has determined that the issue of whether Plaintiff signed this separation agreement under duress must be decided by the jury, the need for extensive discovery on the merits of Plaintiff's claim of discrimination and harassment (including their truth or falsity) has become unavoidable and the significant damages that Defendant has incurred and will continue to incur have become more apparent.  Further, as noted above, Defendant learned that at least during January 2017 (the time frame covered by Phase 1 discovery) Plaintiff spread his false and disparaging allegations against Defendant to a variety of third parties in contravention of the non-disparagement provisions of his separation agreement.  Therefore, it is entirely reasonable and appropriate for Defendant to now bring forward its "colorable legal arguments" which stem from Plaintiff's violation of the separation agreement.

      C.     **Defendant's Counterclaims Are Not Futile.**

Plaintiff also cannot demonstrate that Defendant's proffered counterclaims would be futile. An amendment would be futile if it would fail to survive a motion to dismiss. S*ee Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  However, determining whether an amendment would be futile does not involve "an evaluation of the underlying merits of the case." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. CIV.A. RDB-12-02109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013) (quoting *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)).  Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat'l Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *see MTB Servs.*, 2013 WL 1819944, at *3.

As detailed in the attached proposed Counterclaims, it is undisputed that if Plaintiff cannot meet his burden of establishing duress, the January 2017 signed separation agreement is

6

enforceable and he was therefore contractually prohibited from engaging in a variety of conduct covered by the proposed Counterclaims -- including, but not limited to, asserting his released claims of discrimination and harassment (and other common law claims previously dismissed) against both UT and the Individual Defendants, disclosing the terms of the agreement and the negotiations that led up to it, and making false and disparaging comments about UT and the Individual Defendants to various third parties, including his brothers, employees at UT, as well as the media.  As a result, these contractual and common law claims asserted against Plaintiff, "state a claim to relief that is plausible on its face" and would not be subject to challenge on a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Therefore, Plaintiff cannot demonstrate that it would be futile for the Court to grant Defendant's motion to leave to amend.

## CONCLUSION

Based on the foregoing reasons, Defendant UT respectfully requests that this Court grant its leave to amend its Answer to Plaintiff's Amended Complaint to add the attached Counterclaims against Plaintiff.

Date:   June 15, 2021                    Respectfully Submitted,

/s/ Eric J. Janson
Eric J. Janson, Esq.
ejanson@seyfarth.com
Christine M. Costantino
ccostantino@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004
(202) 463-2400 (telephone)
(202) 641-9232 (facsimile)

*Counsel for Defendant UT*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of June, 2021, a copy of Defendant's Motion for Leave to Amend and Memorandum of Points and Authorities in Support was filed electronically using CM/ECF, upon to the following:

Andrew Nyombi
KNA PEARL
8701 Georgia Avenue
Suite 606
Silver Spring, MD 20910

Onyebuchim Aduire Chinwah
The Chinwah Firm LLC
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910

Ikechukwu K Emejuru
Emejuru Law LLC
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910

                                                             /s/ Eric J. Janson