IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK EKE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Civil Action No.: 8:18-cv-02941-PX |
| v. | ) |
| | ) |
| UNITED THERAPEUTICS, et al. | ) |
| | ) |
|       Defendant(s). | ) |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT TO ASSERT COUNTERCLAIMS AGAINST PLAINTIFF**

Plaintiff, MARK EKE ("Plaintiff" or "Mr. Eke"), by and through the undersigned counsel, and pursuant to the Court Order of June 16, 2021 (ECF 80), Plaintiff hereby respectfully moves this Honorable Court to DENY Defendant's Motion for Leave to amend its Answer to the Amended Complaint to add certain Counterclaims against Plaintiff. For the reasons set forth below, and for those set forth in its motions, Defendant's motion should be DENIED.

## BACKGROUND

This litigation involves Plaintiff's claims of civil rights violations under Title VII of the Civil Rights Act of 1945, the Maryland Fair Employment Practices Act and Maryland common law, in which Plaintiff claims Hostile Work Environment based on sex, Quid Pro Quo Sexual Harassment, Sex Discrimination, Aiding, and Abetting, Inciting, Compelling and Coercing Discriminating Acts, in that he was terminated and forced to sign a separation agreement under threat and duress.

Plaintiff filed his Complaint on September 21, 2018. (ECF 1). Defendants filed a Motion to Dismiss for Failure to State a Claim on November 15, 2019. (ECF 10). Plaintiff filed his

1

Response in Opposition to Defendant's Motion to Dismiss on December 13, 2018. (ECF 15). On July 10, 2019, the Court granted in part and denied in part Defendant's Motion to Dismiss with Counts 5 through 7 voluntarily dismissed and the Court dismissing Counts 4 and 12. (ECF 34).

On or about July 24, 2019, Plaintiff filed an Amended Complaint (ECF 35) pursuant to the Court Order of July 10, 2019. (ECF 34). Defendant filed an answer to Plaintiff's amended Complaint on or about August 7, 2019. (ECF 36).

Pursuant to the Amended Scheduling Order of October 29, 2019 (ECF 43) the Court bifurcated discovery to address Defendants' affirmative defense of release of claims and Plaintiff's contention that such release of claims were signed under duress. Bifurcated discovery closed on January 15, 2020. Pursuant to the October 29, 2019 Amended Scheduling Order, dispositive motions were due no later than February 10, 2020. (ECF 43). On March 9, 2020, this Honorable Court extended the bifurcated discovery and dispositive motions deadline to March 27, 2020 and April 28, 2020, respectively. (ECF 54). This Honorable Court again extended bifurcated discovery and dispositive motions to May 26, 2020 and June 26, 2020, respectively. (ECF 58).

Defendants filed a Motion for Summary Judgement on June 26, 2020. Plaintiff filed a response to the Motion for Summary Judgement on August 3, 2020 (ECF 65), and Defendant filed its reply to Plaintiff's response on August 24, 2020. (ECF 69).

On or about March 4, 2021, this Honorable Court denied Defendant's Motion for Summary Judgement. (ECF 74) and issued an Amended Scheduling Order on March 15, 2021. (ECF 77). The Amended Scheduling Order provided for motions to amend pleadings and for joinder of additional parties be filed no later than July 1, 2021. (ECF 77).

Three months later, on June 15, 2021, Defendants filed its Motion for Leave to File an Amended Answer and Counterclaims against Plaintiff. Defendant's Answer and Counterclaim

asserts three (3) causes of action – Breach of Contract, Unjust Enrichment, and Detrimental Reliance.

Plaintiff asserts that Defendant's Motion for Leave to File an Amended Answer and Counterclaims against Plaintiff is a second bite at the apple after its Motion for Summary judgment was denied as Defendant's failed to prove Plaintiff did not sign the separation agreement under duress. In fact, at the March 4, 2021, the Court ruled: *"...because I must construe the evidence most favorably to Mr. Eke as the non-movant, I do find that the relevant evidence construed most favorably supports that he could demonstrate he signed this agreement under duress."* (ECF 75: Transcript of March 4, 2021 hearing at 32:21-25).

Further, Defendants' motion to amend and add counterclaims is untimely; the motion is intended to harass Plaintiff; the motion unduly increase the cost of litigation and delays this litigation that has now been in this Honorable Court just short of three (3) years. Defendants have unlimited legal and financial resources, while Plaintiff does not. Thus, Plaintiff is unduly prejudiced by the counterclaims not previously asserted in any prior answer.

## **ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. *Fed. R. Civ. P. 15*. This rule permits amendments as a matter of course within 21 days after serving a pleading, or "if the pleading is one to which a responsive pleading is required, 21 days after service of pleading or … motion under Rule 12(b), (e), or (f), whichever is earlier. *Fed. R. Civ. P. 15(a)(1)(A)-(B)*. "In all other cases, a party may amend its pleading *only* with the opposing party's written consent or the court's leave." *Fed. R. Civ. P. 15(a)(2)*.

In this case, Plaintiff's Amended Complaint was filed on July 24, 2019. (ECF 35). Defendant's answers was filed on August 7, 2019 and **did not** include any counterclaims

whatsoever. (ECF 36). Now, more than eighteen (18) months later, and after losing its Motion for Summary Judgement, Defendants seek to add counterclaims of breach of contract, unjust enrichment and detrimental reliance. In fact they are adding new causes of action and defenses not previously plead.

    **A.**    **Plaintiff Would Be Unduly Prejudiced By Permitting the Counterclaims to Proceed.**

Although " 'leave shall be freely given when justice so requires,' leave to amend is not to be granted automatically. *Chase Federal Bank v. American Bankers Ins. Co.,* No. 88-501-CIV-5-H, 1992 U.S. Dist. LEXIS 7552, at *11 (E.D.N.C. Jan. 23, 1992) (quoting *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir. 1987)). The district court has "broad discretion concerning motions to amend pleadings[.]" *Booth v. Maryland,* 337 F. App'x 301, 312 (4th Cir. 2009). A motion to amend may be denied for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment'." *Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "[D]elay alone is not a sufficient reason to deny a motion to amend under Rule 15(a). Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Rich Food Servs. v. Rich Plan Corp.*, No. 5:99-CV-677, 2001 U.S. Dist. LEXIS 25955, at *49 (E.D.N.C. Nov. 19, 2001) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

Under Rule 15(a)(2), "prejudice means that the party opposing the amendment would be hindered in the preparation of its case or would have been prevented from taking some measure in support of its position'." *Hunt Valley Baptist Church, Inc. v. Balt. Cty.,* No. ELH-17-804, 2019 U.S. Dist. LEXIS 119540, at *10 (D. Md. July 17, 2019) (quoting *61A AM. JUR. 2d, Pleading § 723*); see also Deasy v. Hill, 833 F.2d 38, 40-41(4th Cir. 1987.

4

Thus, undue prejudice may justify denying a motion to amend if the amendment would require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial," [or] would "significantly delay the resolution of the dispute[.]" *Hunt Valley,* 2019 U.S. Dist. LEXIS 119540, at *10 (quoting *61A AM. JUR. 2d, Pleading § 273*). "A change in the theory of recovery may obviously sometimes cause substantial prejudice to a defendant, justifying denial of a motion to amend to assert that theory." *Ward Elec. Serv. Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987).

A court's discretion to deny an amendment is "limited by the interpretation given Rule 15(a) in *Foman,* and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). Courts should therefore "focus on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend." *Id.*

As for prejudice, in considering this factor, courts typically focus on whether a late-filed amendment would unfairly result in the nonmoving party having expended significant resources unnecessarily or would unfairly require that party to engage in additional expenditures of time and resources that would not be necessary without the amendment. See *Island Creek Coal*, 832 F.2d at 280 (considering but rejecting the argument that an amendment should be denied as prejudicial because it would require additional discovery and additional expert witnesses, where the defendant was already cognizant of that claim and it was already addressed by the expert witnesses in their depositions); also *Johnson*, 785 F.2d at 510 (stating that "prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party," such as when an amendment "is offered shortly before or during trial").

Here, the counterclaim at issue, raises new issues and defenses not previously plead by Defendants that would require significant additional resources and discovery to defend. *Laber v. Harvey*, 438 F.3d 404, 427 n.23 (4th Cir. 2006). The litigants are well into the discovery process in this matter, not previously having the opportunity to inquire via discovery on the new claims. See *Laber,* 438 F.3d at 427. Discovery set to close on October 19, 2021, and dispositive pre-trial motions due by November 22, 2021. (ECF 77).

The Courts have held that the inability to investigate the facts alleged in the untimely and improperly filed amendment, would result in substantial prejudice. See *Laber,* 438 F.3d at 427; *Deasy*, 833 F.2d at 41*; cf. Microspace Communs. Corp. v. Guest-Tek Interactive Entm't, Inc.,* No. 5:14-CV-535-F, 2015 U.S. Dist. LEXIS 108050, at *12 (E.D.N.C. Aug. 17, 2015) (finding no prejudice when amendment was timely filed, notice of the newly pled defense was given in discovery, and discovery remained open at the time of filing).

Here, accepting Defendants' untimely counterclaims would not only result in further extensions of the deadlines – including discovery to investigate Defendants' new set of facts and claims – but place undue hardship of Plaintiff financially, as Defendants have unlimited financial and legal resources whereby Plaintiff does not, thus unduly causing Plaintiff harm.

    **B.**    **Defendants' Counterclaims Are In Bad Faith**

Plaintiff clearly demonstrates the Defendant UT is acting in bad faith bringing forth these counterclaims in an untimely manner by trying to resurrect issues of breach of contract after the Court denied its Motion for Summary Judgment as to whether Plaintiff signed the Separation Agreement under duress. Further, Defendant **is not amending** previously plead counterclaims, but asserting new facts and new counterclaims never before plead.

"Bad faith includes seeking to amend a complaint for an improper purpose or seeking leave to amend after repeated pleading failures." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017). Courts have also found that a party acts in bad faith in bringing a motion for leave to amend, for example, when their amendment fails to "advance a colorable legal argument." *McCall-Scovens v. Blanchard*, No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016).

The Courts have held, when the deadline for amending pleadings has long since passed, in consequence, the parties must do more than satisfy the liberal standard of Rule 15(a), they must first meet the mandates of Rule 16(b)(4), which calls for "good cause" to change a scheduling order. See *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298-99 (4th Cir. 2008); see also *Wilson v. Appalachian Power Co.,* No. 3:10-0445, 2011 U.S. Dist. LEXIS 6730, 2011 WL 221656, at *1 (S.D.W.Va. Jan. 24, 2011) (applying two-step test employing Rules 16(b) and 15(a) in analyzing untimely motion for leave to amend); *Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 373 (D.Md. 2002).

Rule 16(b) focuses on the timeliness of the proposed amendment and the reasons behind its tardy submission. *Rassoull,* 209 F.R.D. at 374. In particular, Rule 16(b) requires the movant to show that it acted diligently. *Id*. The court also considers whether the non-moving party could be prejudiced by the delay, the length of the delay, and whether the movant acted in good faith. *Tawwaab v. Va. Linen Serv., Inc.,* 729 F.Supp.2d 757, 768-69 (D.Md. 2010). Summarily, the dictates of Rule 16(b) are not to be taken lightly. See *Potomac Electric Power Co. v. Electric Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md. 1999) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

(internal quotations omitted)). If Rule 16(b) is not satisfied, there is no need to consider Rule 15(a). See *Nourison Rug Corp.,* 535 F.3d at 299.

Here, Defendants failed to initially plead any counterclaims but now seek to add counterclaims 18 months after filing its answer, and only after being denied Summary Judgment by this Honorable Court. Its counterclaims further attempt to resurrect issues related to the Separation Agreement, through new, and previously un-plead facts, and additional causes of action for breach of contract, unjust enrichment, and detrimental reliance.

### C. Defendants' Counterclaims Are Futile

Here, again, Defendants failed to previously plead any counterclaims, and only after being denied Summary Judgment by this Court, does it attempt to resurrect issues related to the Separation Agreement, through new, and previously un-plead facts, and additional causes of action for breach of contract, unjust enrichment, and detrimental reliance.

Amendment is futile if the claims as amended would not survive a motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995) (affirming denial of motion for leave to amend "because the proposed amendments could not withstand a motion to dismiss"). Therefore, the "plausibility" standard for pleading, articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), applies here. Under that standard, accepting all defendants' factual allegations as true, a claim must "plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 664, 678. "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Id.* at

8

678 (quoting *Twombly,* 550 U.S. at 555). Rather, the claim must contain sufficient facts to advance defendants' claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

For the following reasons, each of defendants' proposed amendments is futile.

A claim that a release is voidable on the ground of duress must be supported with allegations of "(1) [a] wrongful act or threat by the opposite party to the transaction or by a third party of which the opposite party is aware and takes advantage, and (2) a state of mind in which the complaining party was overwhelmed by fear and precluded from using free will or judgment." *Food Fair Stores, Inc. v. Joy,* 283 Md. 205, 389 A.2d 874 (Md. 1978). Here, Plaintiff asserts that he signed the agreement under coercion and with the threat to his life and safety.

Defendants' counterclaims—breach of contract, unjust enrichment, and detrimental reliance—piggy-back its denied Motion for Summary Judgement to Plaintiff's claims of signing the Separation Agreement under threat and duress. This Court already found that there is substantive showing that Plaintiff signed the agreement under duress, thus any contract signed under duress is voidable. The Defendants' counterclaim of breach of contract is futile thereby the counterclaims of unjust enrichment and detrimental reliance cannot survive.

## CONCLUSION

Based on the foregoing reasons, Plaintiff MARK EKE respectfully request that this Honorable Court DENY in all respects, Defendant UT's Motion for Leave to Amend its Answer to Plaintiff's Amended Complaint to add the attached Counterclaims against Plaintiff.

Dated: June 29, 2021

                  Respectfully submitted,

                  /s/ *Deyka Williams Spencer*
                  Deyka Williams Spencer

                The Spencer Firm, LLC.
                Bar No.: 979180
                2275 Research Blvd., Suite 500
                Rockville, MD 20850
                Phone: (301) 637-2866
                Fax: (866) 686-2126
                dspencer@spencer-firm.com

                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of June, 2021, a copy of Plaintiff's Response and Opposition to Defendant's Motion for Leave to Amend Answer and Assert Counterclaims, and Memorandum of Points and Authorities in Support was filed electronically using CM/ECF, upon to the following:

Eric J. Janson, Esq.
ejanson@seyfarth.com

and

Christine M. Costantino
ccostantino@seyfarth.com

SEYFARTH SHAW LLP 975 F Street, NW
Washington, D.C. 20004
Counsel for Defendant UT

                                                 */s/Deyka Williams Spencer*
                                                 Deyka Williams Spencer