**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MARK EKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED THERAPEUTICS, *et al.*, | ) | Civil Action No. 8:18-cv-2941 |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT UNITED THERAPEUTICS CORPORATION'S**
**MOTION FOR LEAVE TO AMEND DEFENDANT'S ANSWER TO AMENDED**
**COMPLAINT TO ASSERT COUNTERCLAIMS AGAINST PLAINTIFF**

As detailed in its opening brief, Defendant UT's motion for leave to amend its answer to add certain counterclaims against Plaintiff for breach of contract, unjust enrichment and detrimental reliance is in conformance with the Court's March 15, 2021 Amended Scheduling Order (setting a deadline of July 1st for such motions) and consistent with the Fourth Circuit's liberal standard that "leave shall be freely given when justice so requires" absent a showing of substantial prejudice to the opposing party, bad faith on the part of the moving party, or futility of the amendment.  None of these factors are present here where Phase 1 of this case was limited solely to the issue of whether Plaintiff was foreclosed from asserting his discrimination and harassment claims based on the release of claims in his Separation Agreement and where Defendant UT learned during the course of Phase 1 discovery that Plaintiff made certain disparaging statements about UT and those he released in the Separation Agreement, to various third parties, including his brothers, friends, other employees at UT, as well as the media.  Likewise, Defendant explained that there is no evidence of bad faith in bringing forth these counterclaims at this stage of the proceedings as bifurcation of this case was

designed to avoid unnecessary legal expense and maximize judicial economy by first determining whether dismissal was appropriate based on the release of claims that Plaintiff signed as part of his Separation Agreement.

In his Opposition, Plaintiff does not dispute the relevant factors for evaluating motions for leave to amend to add a counterclaim under Fed. R. Civ. Pro 15(a).  Instead, Plaintiff suggests that the counterclaims at issue are futile and made in bad faith by arguing that this amendment would allow Defendant UT a "second bite the apple" after its Phase 1 Motion for Summary Judgment has been denied and by incorrectly suggesting that the issue of whether the Separation Agreement is valid or was signed under duress has already been decided by the Court.  However, nothing could be further from the truth as the Court did not decide this threshold issue (or Defendant's counterclaims), but rather determined that there were credibility determinations that precluded summary judgment and the issue of duress would need to be decided by the jury.  As such, if the jury ultimately concludes that Plaintiff cannot satisfy his burden of demonstrating duress and the Separation Agreement is deemed valid and enforceable, not only will Plaintiff's claims of discrimination and sexual harassment be summarily dismissed as they are clearly covered by the Agreement's release of claims, but it will also allow Defendant UT's counterclaims to proceed which all derive from Plaintiff's violations of that Agreement through his pursuit of waived claims, improper retention of a substantial severance payment, and in making false and disparaging remarks about Defendant UT (and other Releasees) which independently violate the terms of the Agreement.

It is for the same reason that Plaintiff's conclusory assertions of substantial prejudice carry no weight.  Defendant UT's counterclaims will not require "significant additional resources and discovery to defend" as the enforceability of the Separation Agreement is already at issue in this case and whether Plaintiff's comments about Defendant UT and others are disparaging will

ultimately come down to whether he can adduce any evidence that he was actually subjected to sexual harassment by Defendant Jenesis Rothblatt.  Therefore, the discovery required for these counterclaims is nearly identical and Plaintiff's conclusory assertions of prejudice ring hollow where no trial date has been set, the parties still have over 3 months of discovery remaining (and Defendant has not requested any extension), and Plaintiff has not engaged in *any* Phase 2 discovery on the underlying issues of discrimination and harassment.  Simply put, Plaintiff has not and cannot demonstrate any factors that would justify denying Defendant UT's motion for leave to amend.

### A.     Defendant's Counterclaims are Not Futile or Made in Bad Faith

At the outset, it is important to reiterate that "[b]ad faith includes seeking to amend a complaint for an improper purpose or seeking leave to amend after repeated pleading failures." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017).  Likewise, the Fourth Circuit has instructed that "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  Here, Plaintiff has not and cannot demonstrate either and, in fact, these factors weigh in favor of permitting Defendant's amendment and counterclaims to proceed.

Plaintiff spends a considerable portion of his Opposition suggesting that Defendant's counterclaims are made in bad faith and futile because they are being raised after the Court has denied its Phase 1 Motion for Summary Judgment and as such these counterclaims allegedly "cannot survive" because the Court has "already found there is substantial showing that Plaintiff signed the agreement under duress, thus any contract signed under duress is voidable."  Opp. at 8-9.  Plaintiff also contends that these counterclaims are simply a "second bite at the apple" on the issue of duress that he asserts was decided by the Court in denying Defendant's Phase 1 Motion for Summary

72782092v.1

Judgment.  Opp. at 3.  However, it is undisputed that the issue of whether Plaintiff signed the Separation Agreement under duress has not been decided by the Court through its denial of Defendant's motion for summary judgment.  Indeed, the Court expressly noted at the oral argument on the motion that Defendant could not obtain summary judgment on the threshold issue of whether Plaintiff knowingly and voluntarily released his claims "because the credibility of each man's versions, and the brother, in the context of the entire case is going to be for the trier of fact; not for me."  Dkt. No. 74 (Tr. at 17).  The Court also went on to state that, "[n]ow, again, this does not mean at trial a finder of fact will agree that this exchange is, indeed, a threat because Mr. Oyewole disagrees and denies it, but that just places the credibility of these gentlemen in front of the jury." *Id.* (Tr. at 36).  As such, Plaintiff still retains the ultimate burden of convincing a jury that these credibility determinations should be made in his favor and he was actually subjected to a wrongful act or improper threat by Defendant that left him with no free will and no reasonable alternative but to execute the Agreement.  If Plaintiff is unable to carry this burden, his Separation Agreement remains enforceable and his violations of other contractual obligations -- including his agreement not to sue Defendant UT or to disparage UT or other Releasees become ripe for resolution.  Therefore, Defendant's inability to obtain *summary judgment* on this threshold issue has absolutely no bearing on whether Plaintiff can carry his burden of presenting sufficient evidence of duress or whether he violated various provisions of that Separation Agreement should it be deemed enforceable.

Likewise, the fact that Defendant UT is raising these counterclaims as part of Phase 2 of this case is not evidence of bad faith.  As detailed in its opening brief,  Defendant sought at the outset of this case to avoid unnecessary legal expense and maximize judicial economy by focusing initially on whether Plaintiff could overcome the release of claims that he signed as part of his Separation

Agreement.[1]  The Court agreed that initial bifurcation was appropriate, but now that the Court has concluded that credibility issues on the issue of duress preclude summary judgment on that limited issue, the need for extensive discovery on the merits of Plaintiff's claim of discrimination and harassment (including their truth or falsity) has become unavoidable and the significant damages that Defendant has incurred and will continue to incur through Plaintiff's violations of his contractual obligation have become more apparent.  Of particular note, Defendant did not learn until the completion of Phase 1 discovery that Plaintiff had spread his false and disparaging allegations of sexual harassment by Jenesis Rothblatt to a variety of third parties in contravention of the non-disparagement provisions of his Separation Agreement.  Therefore, it is not only entirely reasonable and appropriate for Defendant UT to bring these claims now, but the need for potential amendment of the pleadings was clearly contemplated by the parties in establishing the relevant deadlines set forth in the Status Report (Dkt. Rep. No. 76) following the denial of summary judgment and which ultimately were incorporated into the Court's March 15, 2021 Amended Scheduling Order.  Dkt. Rep. 77.

## B.       Plaintiff's Conclusory Allegations of Prejudice are Insufficient

Plaintiff fares no better in asserting -- in conclusory form -- that he would be subjected to prejudice if Defendant UT's counterclaims were permitted to proceed.  As Plaintiff himself acknowledges in his Opposition, delay alone is insufficient to deny leave to amend.  Opp. at 4 (citing *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999). Rather, the Fourth Circuit has held that "although prejudice can result where a new legal theory is alleged if it would entail additional

---

[1] In fact, had Defendant UT raised these counterclaims as part of its initial Answer, Plaintiff would undoubtedly have argued that the only way he could defend himself against claims that he disparaged Defendant UT by making evidence-free allegations of sexual harassment by Jenesis Rothblatt would be to permit full-fledged discovery from the outset of this case -- the precise gamesmanship and substantial legal expense that Defendants sought to avoid in requesting bifurcation.

discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013)(quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

Here, the parties still have over three months of discovery remaining and no trial date has been set.  Likewise, Defendant UT's counterclaims will not require "significant additional resources and discovery to defend" (Opp. at 6) as Phase 2 discovery will already encompass further discovery regarding the enforceability of the Separation Agreement and whether Plaintiff can adduce any evidence that he was subjected to sexual harassment by Defendant Jenesis Rothblatt.  This in turn will largely cover Defendant UT's counterclaims regarding others to whom and when he may have made his false and derogatory comments about alleged harassment.  While these claims may ultimately subject Plaintiff to considerable financial exposure, there is no showing of any "significant additional resources and discovery" required to defend against these claims.  Moreover, Plaintiff's contention that the parties "are well into the discovery process" is disingenuous at best, where Plaintiff has not engaged in <u>any Phase 2 discovery</u> on the underlying issues of discrimination and harassment.

Further, Plaintiff cannot point to any legal authority where a denial of leave to amend to add counterclaims was appropriate under similar circumstances.  In fact, the cases cited by Plaintiff are completely inapposite.  For example, in *Hunt Valley Baptist Church, Inc. v. Balt. Cty.,* 2019 WL 3238950 (D. Md. July 17, 2019), the Court denied a motion for leave to amend because it was made *after* the deadline to amend set forth in the scheduling order and also *after* the conclusion of discovery, neither of which are present here.  And *Ward Elec. Serv. Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) and *Island Creek Coal Co. v. Lake Shore Inc.*, 832 F.2d 274, 279

6

(4th Cir. 1987) actually support Defendant's position as they involve instances where the Fourth Circuit which found it was an abuse of discretion for the district court to deny a motion for leave to amend absent an actual showing of substantial prejudice, bad faith or futility, which as noted above, Plaintiff has failed to demonstrate here. *See Island Creek Coal Co.*, 832 F.2d at 279 ("mere delay in moving to amend is 'not sufficient reason to deny leave to amend,' it is only when '[t]he delay [i]s accompanied by prejudice, bad faith, or futility.'")(internal citations omitted).

Therefore, for the reasons set forth above and in its opening brief, Defendant submits that Plaintiff has not and cannot demonstrate any factors that would justify denying Defendant UT's motion for leave to amend.

Date:   July 9, 2021                          Respectfully Submitted,

                                              /s/ Eric J. Janson
                                              Eric J. Janson, Esq.
                                              ejanson@seyfarth.com
                                              Christine M. Costantino
                                              ccostantino@seyfarth.com
                                              SEYFARTH SHAW LLP
                                              975 F Street, NW
                                              Washington, D.C. 20004
                                              (202) 463-2400 (telephone)
                                              (202) 641-9232 (facsimile)

                                              *Counsel for Defendant UT*

72782092v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of July, 2021, a copy of Defendant's Reply in Support of Motion for Leave to Amend was filed electronically using CM/ECF, upon to the following:

Deyka Williams Spencer
The Spencer Law Firm, LLC
2275 Research Blvd, Suite 500
Rockville, MD 20850


/s/  Eric J. Janson                        

8

72782092v.1