

Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004-1454
T (202) 463-2400
F (202) 828-5393

ejanson@seyfarth.com
T (202) 828-3532

www.seyfarth.com

August 20, 2021

**VIA ECF**

The Honorable Gina L Simms
United States Magistrate Judge U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

Re: *Mark Eke v. United Therapeutics, et al.*
Civil Action No. 8:18-cv-2941

Dear Judge Simms:

Pursuant to the Court's July 2, 2021 order (Dkt. No. 86), Defendant United Therapeutics Corporation ("UT") respectfully requests a teleconference to address on-going deficiencies with respect to Plaintiff's discovery responses, including a failure to produce electronic communications between Plaintiff and Defendant Jenesis Rothblatt that occurred during the critical time period of this case, which raise serious concerns regarding spoliation.

As detailed in its original June 22, 2021 letter motion to the Court (Dkt. No. 81), Defendant UT has been more than patient in trying to obtain basic written discovery in this case regarding Plaintiff's purported evidence of his alleged discrimination and harassment and his alleged damages. Following the withdrawal of Plaintiff's prior counsel, his new attorney acknowledged that Plaintiff's prior responses were substantially deficient and represented to the Court that she was preparing second supplemental responses which would "cure and correct any deficiencies without the need to Court intervention" and would be provided to Defendants no later than July 9, 2021. Dkt. Rep. No. 85. Based on these representations, the Court dismissed Defendant's request for a discovery conference as moot and ordered that the parties meet and confer following the receipt of Plaintiff's supplemental responses. Dkt. Rep. 86.

On July 16, 2021, over a week <u>after</u> the deadline Plaintiff's counsel represented to the Court she would provide appropriate supplementation, she provided Plaintiff's Second Supplemental Responses to Defendant UT's Interrogatories and Document Requests. While several of Defendant's previous concerns were addressed, a number of critical areas remain deficient, including Plaintiff's failure to produce electronic communications between himself and either of his brothers and a third party Mikia Clemons whom he previously testified he repeatedly discussed the case with, as well as the fact that he did not produce a single electronic communication between himself and Defendant Jenesis Rothblatt—whom he alleges sexually harassed him-- before October 2015 or after June 2016 - which conveniently excludes the primary time periods during which Plaintiff alleges the sexual harassment took place. This

is despite the fact that Defendant has evidence that voluminous text exchanges took place, many of which tend to indicate a consensual relationship, involving frequent friendly and endearing banter.

The undersigned reached out to Plaintiff's counsel on July 23, 2021, and identified the specific areas of concern and asked if Plaintiff intended to stand on his stated objections, or would supplement his responses. Having received no response, on August 17, 2021, the undersigned reached out again. Plaintiff's counsel indicated that Plaintiff "was not feeling well…for some time" but would follow-up with him.[1] Defendant UT has not heard anything further from Plaintiff's counsel.

At this point, Defendant UT cannot wait any longer as it remains without critical information and documents needed to defend this case and move forward with depositions. As a result, in order avoid further delays to discovery, Defendant UT seeks the Court's intervention to compel Plaintiff to properly respond to the following areas of discovery:

<u>Second Supplemental Response to Interrogatory Nos. 1, 3, and 19</u> – In response to these Interrogatories, Plaintiff identifies a number of new individuals who he believes have relevant information regarding his allegations and claims in the Amended Complaint, including, Mark Ceyrolles, Anthony Morrison, Howard Dubose, Barbara Wilson, Ranieka Weston, and Sequita, Zina Santos, Odianosen Igene, and Atifeh Syeda. Pursuant to Instruction D, Plaintiff was required to supplement his response with any mailing address, telephone number(s) or email address(es) he has for these individuals so they can be located and subpoenaed for deposition. Likewise, if Plaintiff has a last name for the individual identified as "Sequita" he was required to provide this information.

<u>Second Supplemental Response to Interrogatories Nos. 8/9 and Request for Production No. 7</u> -- While Plaintiff clarified he is not seeking any damages beyond 2018, he still has not provided any information regarding the alleged "fringe benefits, bonuses and equity shares," he seeks, including what type(s) of corresponding "fringe benefits, bonuses and equity shares" he received and/or was eligible or entitled to receive at his subsequent employers in 2017 and 2018.

<u>Second Supplemental Response to Document Request Nos. 6 and 20</u> -- Plaintiff produced <u>no electronic communications</u> with either of his brothers Ife Eke or Ike Eke, despite testifying during his deposition that he "primarily spoke" to his brothers via text and WhatsApp. Plaintiff has also failed to produce any electronic communications with his good friend Mikia Clemmons (whom Plaintiff identified as an alleged key witness with relevant information) despite the fact that his phone records reflect *numerous* <u>text messages exchanged between the two, including dozens during the relevant time period.</u> Likewise, despite his allegations in the Amended Complaint, Plaintiff has still not produced a single electronic communication with Jenesis Rothblatt <u>before October 2015 or after June 2016</u> - which conveniently excludes the primary time periods during which Plaintiff alleges the sexual harassment took place. Likewise, per Instruction 4 of these Requests, Plaintiff has failed to identify any responsive communications that have been lost, deleted or destroyed (e.g. electronic communications on Plaintiff's mobile phone that have been lost, deleted or destroyed) or describe the circumstances and identify the communication(s) which would have been responsive (but for it

---

[1] Notwithstanding, it is worth noting that Plaintiff remotely attended the deposition of a third-party witness the week prior on August 11, 2021.

being lost, deleted or destroyed). Indeed, Defendant is already in possession of *voluminous* text messages exchanged between Jenesis Rothblatt and Plaintiff during the relevant time period that have either not been produced by Plaintiff (carelessly or intentionally) or have been lost or deleted by Plaintiff. While it is unclear whether this is an exhaustive list of the communications between Plaintiff and Defendant Jenesis Rothblatt, it is obvious that Plaintiff has either not performed an adequate search or he has lost/deleted/destroyed highly relevant electronic communications, raising serious concerns regarding spoliation. As a result, Plaintiff should submit his electronic devices for forensic examination by an independent outside provider retained by Defendant. Furthermore, in light of the circumstances, Defendant seeks an order permitting Defendant UT to issue a subpoena to AT&T for the production of his cellular telephone records covering the time period of 2015-2017 (as was compelled by the Court in Phase 1 of discovery for the January/February 2017 time period). *See* Dkt. No. 51.

Second Supplemental Response to Document Request Nos. 7/14/16 -- Since Plaintiff has stipulated that he is not seeking any damages beyond 2018, Defendant is willing to tailor it's request to the 2016-2018 time period. However, Defendant UT still seeks copies of Plaintiff's tax records from this time period in order to obtain full and complete information regarding Plaintiff's mitigation efforts. While Plaintiff has produced W-2's from one of his two employers during this time period (Telesis Corporation), he has not produced a W-2 for his other employer (Agility Corporation) and public records from the State of Maryland Department of Assessments and Taxation further reflect that Plaintiff was engaged in work on behalf of several other companies during this same period of time and from which non-W-2 income presumably would have been derived. Leaving aside the untimely nature of Plaintiff's *new* objections to these requests, Plaintiff should be compelled produce his complete federal tax records for the 2016-2018 time period at issue. To the extent Plaintiff claims that these tax records are no longer in his possession, custody or control, we would request that Plaintiff be ordered to sign and complete an IRS Form 4506 so Defendant can obtain copies of these records directly from the IRS.

Second Supplemental Response to Document Request 23 -- This request seeks any documents Plaintiff contends refers, relates or memorializes any travel or trips Plaintiff made in December 2016 and January 2017. Indeed, Plaintiff's Amended Complaint describes an alleged "Christmas vacation in December 2016." Plaintiff also testified about a trip to New York on January 4, 2017 on the day of his termination where he purportedly met with this "big brother" to "get my facts and documents in order" (Pl. Dep. 98-101), as well as an alleged immigration status interview on January 22, 2017. (Pl. Dep. Ex. 6). Among other things, this Request seeks to test to veracity of these representations by Plaintiff, including those made to various UT management employees to purportedly justify his absence at a critical meeting on the day of his termination. As such, this Request is not only narrowly tailored to a discrete time period, but is highly relevant to this case and requires immediately supplementation.

Supplement Document Production Bates No. 119 -- This email produced by Plaintiff contains an attachment (with a timeline of events) that was not produced and should be produced.

    Very truly yours,

    Seyfarth Shaw LLP


    */s/ Eric J. Janson*

cc: Deyka Spencer (via ECF)

74162174v.2