

**Seyfarth Shaw LLP**
975 F. Street, NW
Washington, D.C. 20004
**T** (202) 463-2400
**F** (202) 828-5393

ejanson@seyfarth.com
T (202) 828-3532

www.seyfarth.com

September 16, 2021

<u>**VIA ELECTRONIC MAIL**</u>

Deyka Williams Spencer, Esq.
The Spencer Firm, LLC.
2275 Research Blvd. Suite 500
Rockville, Maryland 20850

   Re: <u>Mark Eke v. United Therapeutics – Meet and Confer Regarding Remaining Discovery Deficiencies</u>

Dear Deyka:

  Pursuant to the Court's August 30, 2021 Order, I wish to confer with you regarding the remaining deficiencies with Plaintiff's *third* supplemental responses to Defendant's Second Set of Interrogatories and Document Requests that we received on August 27, 2021. Despite our best efforts, Plaintiff has refused to meaningfully participate in discovery in good faith and Defendants remain without critical areas of discovery despite months of waiting for numerous "supplementations" of his discovery responses. At this point, I believe we have no choice but to have Magistrate Judge Simms resolve our outstanding concerns and order Plaintiff to comply with this discovery obligations. To that end, I have highlighted the remaining areas that still require resolution which will be highlighted in our Joint Status Report due on <u>Friday, September 17, 2021</u>. If your client would like to resolve any of these specific concerns before our joint submission is submitted, I will make myself available anytime at your convenience.

<u>Third Supplemental Response to Interrogatory Nos. 1, 3, and 18 and 19</u>

- Plaintiff's newly produced "Pain and Suffering" Affidavit details the emotional distress he purportedly experienced as a result of the alleged discrimination by Defendants and alleges <u>for the first time since discovery began</u> that he sought treatment from unspecified medical provider(s). *See* Para. Nos. 33/35. However, Plaintiff has not provided the name(s) or address(es) for these alleged medical provider(s) or a signed release so his medical records can be subpoenaed.

- We have also requested whether you will produce for (virtual) deposition the three (3) spiritual advisors Plaintiff identifies as having treated him for alleged emotional distress -

73423285v.2



Pastor Chinomso Anyiam, Pastor Murphy Ugwu and Pastor Michael Nwachukwu. *See* Email to you dated August 25, 2021. As you know, since these individuals apparently reside in Africa, we cannot subpoena them. However, to date, you have not responded to our request to make them available for deposition.

- In light of the extensive emotional distress outlined in his newly produced "Pain and Suffering" Affidavit, we have also requested Plaintiff's consent to an independent medical examination under Fed. R. Civ. Pro. 35. *See* Email to you dated August 25, 2021. However, to date, Plaintiff has not responded to our request for his consent.

- Plaintiff's newly produced "Pain and Suffering" Affidavit contends that as a result of alleged emotional distress experienced following the purported discrimination by Defendant(s), he ended a 3 year relationship and wedding plans with his fiancée. However, Plaintiff has never identified this individual to date and Defendants request the full name and address for this individual so they can be deposed regarding their knowledge of Plaintiff's emotional distress.

<u>Third Supplemental Response to Interrogatories Nos. 8/9 and Request for Production No. 7</u>

- While Plaintiff has clarified that he is not seeking any damages beyond 2018, he has still not provided his 2018 W-2 for his current employer (whom he started with in November 2018) or any information and documentation regarding what (if any) "fringe benefits, bonuses and equity shares," he received and/or was eligible or entitled to receive with any of his subsequent employers to date. Indeed, Plaintiff contends that but for his unlawful termination, he would still be employed at United Therapeutics and would have been entitled to additional bonus(es), stock options and STAPs. As a result, Defendants are entitled to an offset to any bonuses, short-term or long-term compensation and other "fringe benefits" he received or would have been eligible to receive at any of his subsequent employers. To date, no such information or documentation has been provided to Defendaants despite repeated requests.

<u>Third Supplemental Response to Document Request Nos. 6 and 20</u>

- To date, Plaintiff has produced <u>no electronic communications</u> with either of his brothers Ife Eke or Ike Eke despite testifying during his deposition that he "primarily spoke" to his brothers via text and WhatsApp. Plaintiff has also produced <u>no electronic communications</u> with his best friend Mikia Clemons who testified during her deposition that she had extensive electronic communications with him during the relevant time period. While Plaintiff contends that he only spoke with these individuals via WhatsApp and does not have any such communications in his custody or control, a review of the AT&T subpoenaed records from Phase I of this case reflect over 200 <u>text messages</u> (not What'sApp chats) with Ms. Clemons in the month of January 2017 alone. However, Plaintiff has not produced a single text with Ms. Clemons which raises serious concerns regarding the sufficiency of his search for relevant electronic communications, potential spoliation and/or the overall credibility of his response.



- Likewise, Plaintiff contends that he has no further text communications after June 2016 with Jenesis Rothblatt in his custody or control, but as reflected in the <u>hundreds of texts between Plaintiff and Jenesis Rothblatt</u> from this time period that Defendant produced, relevant electronic communications absolutely did take place and Plaintiff only produced a selective production of them in response to Defendant's discovery requests.  For example, Plaintiff produced a text exchange with Jenesis Rothblatt from February 3, 2016 which includes a cartoon that Plaintiff contends was sexually inappropriate.  However, Plaintiff conveniently omits his immediate response back to Jenesis which contains two laughing face emojis and a comment reflecting a sexually charged response.  In light of the selective production of relevant text messages (and WhatsApp messages) with Jenesis, Ike and Ife Eke, and Mikia Clemons, Defendants now have serious concerns regarding the sufficiency of Plaintiff's production and spoliation of highly relevant electronic communications.  Therefore, <u>we are requesting Plaintiff's consent to a forensic imaging by an independent provider of all devices he used to communicate with these individuals or any of the Defendants during the relevant time period</u>.  While we appreciate Plaintiff's willingness to consent to a subpoena of his AT&T records (which Defendant intends to execute), those subpoenaed records do not contain the *content* of any of the text messages exchanged (only a record that a text was sent/received and time stamp) so this concession does not satisfy Defendants concerns.

<u>Third Supplemental Response to Document Request Nos. 7/14/16</u>

- Defendants still seek copies of Plaintiff's tax records from 2015 to present.  Plaintiff failed to produce any information regarding the various side businesses he engaged in since 2017 (as confirmed by public records from the State of Maryland Department of Assessments and Taxation) from which non-W-2 income presumably would have been derived.  Likewise, Plaintiff has indicated for the first time in his "Pain and Suffering Affidavit" that he is seeking consequential damages from the loss of his business(es) that were purportedly attributable to his termination and alleged discrimination by Defendants.  <u>To date, Plaintiff has not produced a single document reflecting the nature of these businesses, any income derived, or losses incurred</u>.  Therefore, Defendants have established more than a sufficient basis to request Plaintiff's tax records (including any business tax records) since his termination that would substantiate his demand for consequential damages and the sufficiency of his mitigation efforts.

To the extent Plaintiff would like to reconsider his objections or provide any further response to these issues, we stand by ready to discuss them anytime at your convenience.  Otherwise, we will assume that you are standing by your objections, that no further supplementation is forthcoming and we will address these issues with Magistrate Judge Simms in our Joint Status Report.

Sincerely,

SEYFARTH SHAW LLP

*Eric Janson*

Eric J. Janson