**Janson, Eric J.**

| | |
|---|---|
| **From:** | Janson, Eric J. |
| **Sent:** | Wednesday, October 27, 2021 11:56 AM |
| **To:** | 'Mark Eke' |
| **Cc:** | Baldwin, Raymond; Mark E; Costantino, Christine M. |
| **Subject:** | RE: Eke v. UT et al. -- Discovery |

Mark,

I am just following-up on our previous correspondence.  We still await your response to our letter detailing our remaining concerns with your discovery responses.  If you prefer, I would be happy to set up a call to confer regarding any area(s) that we may be able to resolve informally without judicial intervention.

Likewise, regarding your deposition, we are available to take your deposition on either November 16 or 17, 2021 at our offices.  Please advise which date(s) work for you and we can get this finalized.  Further, if there are additional date(s) in November and December you are available to conduct the depositions you requested, please advise and I will confer with our witnesses regarding their availability. To that end, please advise if you plan on taking any/all of these depositions virtually as that will assist us in coordinating logistics with those who are not currently in the DC area.

Regards,

**From:** Janson, Eric J. <EJanson@seyfarth.com>
**Sent:** Friday, October 22, 2021 5:26 PM
**To:** 'Mark Eke' <markeke@yahoo.com>
**Cc:** Baldwin, Raymond <RBaldwin@seyfarth.com>; Mark E <mark.n.eke@gmail.com>; Costantino, Christine M. <CCostantino@seyfarth.com>
**Subject:** RE: Eke v. UT et al. -- Discovery

Mr. Eke,

You and Ife Eke we deposed as part of Phase 1 of discovery which was expressly limited to the January 2017 time frame only (regarding the issue of duress only) and did not cover any your underlying allegations.  Therefore, there is no basis for you to object to your deposition as part of Phase 2 of discovery.  Likewise, at no point did either of your prior counsels request depositions as part of Phase 2 discovery (since March 2021).  In fact, other than Ms. Clemmons, we agreed with Ms. Spencer to hold off on your deposition until after our scheduled mediation in September.  Since that time, we have issued two separate notices for your deposition on October 31 and November 4 and have been told you were unavailable.  At this point, if you are refusing to give us available dates for your deposition, we will move to compel with Judge Simms.  Please note, however, that we will not engage in any discussions of any further depositions until this matter has been resolved.

Regards,

**From:** Mark Eke <markeke@yahoo.com>
**Sent:** Friday, October 22, 2021 4:59 PM
**To:** Janson, Eric J. <EJanson@seyfarth.com>

1

**Cc:** Baldwin, Raymond <RBaldwin@seyfarth.com>; Mark E <mark.n.eke@gmail.com>; Costantino, Christine M. <CCostantino@seyfarth.com>
**Subject:** Re: Eke v. UT et al. -- Discovery

**[EXT. Sender]**

Eric,

I will mail the check ASAP.

Re: 2-4 - I have nothing further to add.

I have requested the depositions for the defendants since March but unfortunately my previous attorneys did not complete the required depositions. I have already been deposed likewise Ife Eke and Mikia Clemons. I believe it is only fair to schedule the defendants depositions prior to my second deposition.

I will need to know their availability so I can schedule these depositions, enter my vacation request and make myself available for a second deposition.

Thanks,

Mark

On Friday, October 22, 2021, 4:39 PM, Janson, Eric J. <EJanson@seyfarth.com> wrote:

> Mark,
>
> Re: Item 1 -- I have attached a PDF copy of the letter to Ms. Spencer detailing our remaining concerns with your discovery responses. We will continue to give you until October 28, 2021 to provide the additional supplementation requested.
>
> Re: Items 2-4 -- I am not sure what you mean when you say that "these issues arise from the settlement demand". Your Pain and Suffering Affidavit was sent to us by Ms. Spencer in response our concerns regarding your third supplemental discovery responses. Clearly, the fact that you have sought treatment from unidentified medical providers for high blood pressure and other medical conditions which you attribute to the alleged discrimination by Defendants is highly relevant and discoverable. Likewise, if you sought treatment from spiritual advisors, this too would be discoverable as it is related your alleged emotional distress damages. If you have nothing further to add on these issues, we will simply address our concerns directly with Judge Simms.
>
> Re: Item 6 -- I have attached a PDF copy of the email/invoice for the mediation expenses (reflecting the total of same). We have already paid the entirety of the bill so you can simply send a check for your 50% directly to my attention (payable to Seyfarth Shaw LLP) and we will send you an email confirming receipt.

Re:  Depositions -- You indicated in your previous email that you needed to arrange for vacation time before scheduling your deposition in November as we requested of you (and your previous counsel).  Can you please provide us with some potential November dates as soon as possible?  Once we have your deposition arranged, we can then discuss additional dates you have availability and will help coordinate the other depositions you requested. In doing so, please also let us know whether you will be combining depositions into 1 day or require additional days for these depositions.

Regards,

**From:** Mark Eke <markeke@yahoo.com>
**Sent:** Friday, October 22, 2021 4:09 PM
**To:** Janson, Eric J. <EJanson@seyfarth.com>
**Cc:** Baldwin, Raymond <RBaldwin@seyfarth.com>; Mark E <mark.n.eke@gmail.com>; Costantino, Christine M. <CCostantino@seyfarth.com>
**Subject:** Re: Eke v. UT et al. -- Discovery

**[EXT. Sender]**

Eric,

In response to the issues raised in comments 2 - 4 of your email, I am unable to provide any further information or agree to an independent medical/psychological examination. The reason is because these issues arise from the settlement demand which was originally sent in response to requests for private mediation. My previous attorneys convinced me to complete the settlement demand form which i was told was required to participate in the private mediation. As you know, private mediation was unsuccessful and I am only interested in completing discovery/depositions and ultimately trial.

I am able to open only the PDF and i will respond to the discovery deficiencies separately. Please resend the other attachments.

I am unable to accept a subpoena on Ike's behalf.

Please send a payment link so i can complete my portion of the mediation costs online. Otherwise, resend the invoice and i will mail my payment by check.

I will like to schedule depositions for Martine Rothblatt, Jenesis Rothblatt and Alyssa Friedrich as soon as possible. Please let me know what dates are convenient for your team.

Mark

...............................................................................................

*Education is that whole system of human training within and without the school house walls, which molds and develops men.*

**W. E. B. Du Bois**

On Monday, October 18, 2021, 07:49:15 PM EDT, Janson, Eric J. <ejanson@seyfarth.com> wrote:

Mark,

Pursuant to Judge Simms order today (Dkt. No. 106), we seek to confer with you regarding a number of outstanding discovery-related issues:

(1) As detailed in our September 16, 2021 correspondence to your prior counsel (attached), there still are a number of key areas of discovery that require further supplementation by you and for which we have already sought the Court's intervention.  In light of the Court's order today, we are requesting that you immediately review our documented concerns and advise as soon as possible -- but no later than October 28, 2021 -- whether any further supplementation of the requested discovery will be forthcoming.  I can also make myself available at your

convenience if you would like to discuss further. If nothing further will be supplemented, please let us know and we will reach out to Judge Simms and have this matter re-scheduled for another discovery conference.

(2) In light of your Pain and Suffering Affidavit you submitted, we discussed with your prior counsel (attached) our need to conduct an independent medical/psychological examination of you pursuant to Fed. R. Civ. Pro. 35.  Please advise of some potential dates in November when you are available and we will confer with our expert to get this scheduled as soon as possible.

(3) Also in your affidavit, you identified for the first time that you have sought medical treatment for your high blood pressure and other medical issues that you have attributed to the alleged discrimination by Defendants.  To date, however, you have never identified any of these health care provider(s) or signed appropriate authorizations for your medical records to be subpoenaed.  Please provide a list of all healthcare/mental health providers you have sought treatment from since 2015 (see Interrogatory No. 18-- Second Set of Interrogatories to Plaintiff) and I can send you an appropriate medical record authorization for your signature.

(4)  You have also identified that you have sought treatment for your mental distress from your spiritual advisors -- Pastor Chinomso Anyiam, Pastor Murphy Ugwu and Pastor Michael Nwachukwu.  To date, you have not provided any documents reflecting any alleged treatment and more importantly your prior counsel has been unresponsive regarding our efforts to coordinate their depositions.  Can you please advise whether you can make appropriate arrangements so these individuals may be deposed (virtually)?  If you can provide us with their availability, we will make sure we can make ourselves available?

(5)  Ike Eke -- We continue to have difficulties serving our subpoena for documents on your brother Ike Eke (in NYC).  Would you be willing to accept service of this subpoena on his behalf?

(6)  Mediation Costs -- As you know, you agreed to pay for 50% of the mediation costs with Judge Williams (see attached).  Can you please advise when you will be making payment to us for your share of these costs (($1,421.87) as we have to pay the invoice shortly?

We look forward to your timely response.

**Eric J. Janson** | Partner | Seyfarth Shaw LLP
975 F Street, N.W. | Washington, DC 20004
Direct: +1-202-828-3532 | Fax: +1-202-463-2400
ejanson@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

Deyka,