

Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004-1454
**T** (202) 463-2400
**F** (202) 828-5393

ejanson@seyfarth.com
T (202) 828-3532

www.seyfarth.com

November 17, 2021

<u>**VIA ECF**</u>

The Honorable Gina L Simms
United States Magistrate Judge U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

Re:   *Mark Eke v. United Therapeutics, et al*.
      Civil Action No. 8:18-cv-2941

Dear Judge Simms:

On November 16, 2021 (Dkt. No. 115), the Court granted in part, and denied in part, Plaintiff's Motion to Extend All Remaining Scheduling Order deadlines. The Court effectively stayed discovery until December 31, 2021, at which point Plaintiff is required to either designate his new legal counsel or proceed *pro se*. The Court also made clear that discovery will close on February 4, 2022, and there will be no further extensions of the Scheduling Order in this matter.

As the Court is aware, Defendants have an outstanding letter motion for a discovery hearing (Dkt. No. 109) which seeks the Court's assistance in resolving a number of critical items of discovery that Defendants have sought since June 2021 (*see* Dkt. Nos. 81 and 90), including, but not limited to, Defendants request for forensic imaging of Plaintiff's electronic devices; Plaintiff's independent psychological examination under Fed. R. Civ. Pro. 35; Plaintiff's refusal to identify (and sign appropriate medical releases) for health care providers he sought treatment from; Plaintiff's unwillingness to assist in the deposition(s) of his alleged "spiritual advisors"; and his refusal to produce (or signed appropriate IRS forms releasing) his tax returns for the relevant period of time.  <u>Plaintiff was ordered to or respond to this letter motion no later than November 15, 2021</u>.  Dkt. No. 110.  However, to date, Plaintiff has not provided any further response.

Accordingly, Defendants seek clarification and/or reconsideration of the Court's November 16, 2021 Order.  Indeed, while Defendants understood the Court's intent in preventing *Plaintiff* from being able to unnecessarily delay these proceedings to the detriment of Defendants, the Court is effectively prejudicing Defendants' pursuit of discovery in this case by requiring it to complete all remaining discovery between December 31, 2021 and February 4, 2022, notwithstanding the outstanding discovery dispute outlined above.

Should the discovery letter motion be granted, Defendants anticipate the issuances of multiple subpoenas for documents (e.g. his medical providers and for his tax records) and

multiple third-party depositions, forensic imaging of electronic devices, and the scheduling of a Rule 35 examination, which is simply unable to be completed in a 35 day discovery period.

      Accordingly, Defendants respectfully request that the Court grant Defendants' letter motion (Dkt. 109) as conceded and Defendants (only) be permitted additional time beyond the current February 4, 2022 deadline to complete this remaining discovery in this case.

                          Sincerely,

                          Seyfarth Shaw LLP

                          */s/ Eric J. Janson*

cc:    Mark Eke (via email and ECF)

77342906v.1