

**Seyfarth Shaw LLP**

975 F Street, N.W.

Washington, DC  20004-1454

**T** (202) 463-2400

**F** (202) 828-5393


ejanson@seyfarth.com

T (202) 828-3532


www.seyfarth.com

December 31, 2021

**VIA ECF**

The Honorable Gina L Simms
United States Magistrate Judge U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD  20770

Re:   *Mark Eke v. United Therapeutics, et al.*
       Civil Action No. 8:18-cv-2941

Dear Judge Simms:

On November 16, 2021 (Dkt. No. 115), the Court granted in part, and denied in part, Plaintiff's Motion to Extend All Remaining Scheduling Order deadlines. The Court effectively stayed discovery until December 31, 2021, at which point Plaintiff was required to either designate his new legal counsel or proceed *pro se*.  On December 30, 2021, Plaintiff filed a Status Report which indicated that on December 29, 2021, he had a conference call with unnamed prospective attorneys "to further discuss the legal fees and facts surrounding the case," and expected to retain new counsel "within the next few business days." Dkt. No. 119. Plaintiff did not indicate whether new counsel would be filing a notice of appearance by the December 31, 2021 deadline ordered by the Court.  On December 31, 2021, the undersigned contacted Plaintiff to obtain his new counsel's name and contact information, but Plaintiff did not respond as of the time of this filing.

Defendants submit that a status conference in warranted at this time to discuss the remaining discovery schedule and the discovery deficiencies that remain outstanding.  As detailed in the Court's November 30, 2021 letter order (Dkt. No. 118), Plaintiff failed to timely object and produce documents and respond to interrogatory requests regarding  a variety of areas.  These include critical areas of discovery that Defendants have sought since June 2021 (*see* Dkt. Nos. 81 and 90), including, but not limited to, Defendants request for forensic imaging of Plaintiff's electronic devices; Plaintiff's independent psychological examination under Fed. R. Civ. Pro. 35; Plaintiff's refusal to identify (and sign appropriate medical releases) for health care providers he sought treatment from; Plaintiff's unwillingness to assist in the deposition(s) of his alleged "spiritual advisors"; and his refusal to produce (or signed appropriate IRS forms releasing) his tax returns for the relevant period of time.

  While the Court was unable to make specific rulings on these issues in its November 30, 2021 letter order -- as it did not have the individual discovery requests and responses at issue[1] -- or rule on whether additional time for discovery *for Defendants* was appropriate, now that the current stay of discovery has expired and it appears Plaintiff may have retained new counsel, Defendants submit that these remaining issues are now ripe for resolution.  Indeed, depending on the scope of the relief ordered by the Court, Defendants anticipate issuing multiple subpoenas for documents (e.g. his medical providers and for his tax records), conducting multiple third-party depositions, engaging in forensic imaging of electronic devices, and scheduling a Rule 35 examination, which is unable to be completed in the remaining 35 day discovery period.

  Accordingly, Defendants respectfully request a status conference at the Court's earliest convenience.  Should the Court require any additional discovery materials to further aid in that discussion, Defendants would be more than willing to supply them.

        Sincerely,

        Seyfarth Shaw LLP


        */s/ Eric J. Janson*


cc: Mark Eke (via email and ECF)

---

[1] Consistent with the Court's Letter Order Regarding the Filing of Discovery Motions (Dkt. No. 30), Defendants did not include the full discovery requests and Plaintiff's responses to same and simply provided a brief description of the discovery dispute at issue and awaited further guidance from the Court whether full briefing of the discovery dispute was required.