# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

January 10, 2022

RE:   *Mark Eke v. United Therapeutics, et al.*
      Case No. PX 18-2941

## LETTER ORDER REGARDING DISCOVERY

Dear Mr. Eke and Counsel:

The undersigned has reviewed "Plaintiff's Status Report," (ECF No. 119), which was filed on December 30, 2021. I have also reviewed the December 31, 2021 letter filed by counsel for the Defendants. (ECF No. 120).  In addition, the Court reviewed again ECF No. 109, a letter filed by Defendants regarding Plaintiff's allegedly-deficient responses to discovery propounded. In his status report, the Plaintiff strongly suggested that he was able to locate counsel to represent him in this matter, and that he "expected to receive a retainer within the next few business days." (ECF No. 119, ¶ 3). Plaintiff also stated that he "intends to respond to Defendants (sic) outstanding discovery requests after new counsel has been retained." (ECF No. 119).

The Court notes that ten days have passed since the status report was filed, and that no counsel has entered his/her appearance in this matter on Plaintiff's behalf. What Plaintiff continues to misunderstand is that this Court will not require the Defendants to wait indefinitely for Plaintiff or his new counsel to respond to all of the outstanding discovery requests set forth in the October 28, 2021 letter filed by the Defendants. (ECF No. 109). As the Court first made abundantly clear to the Plaintiff almost three months ago (*see* ECF No. 105), and again roughly two months ago (*see* ECF Nos. 114, 115), Plaintiff must continue to move forward *pro se* unless and until counsel enters an appearance. Indeed, as the Court's November 16, 2021 Order made clear, discovery is presently slated to close in February, 2022. (ECF No. 115).

In their December 31, 2021 letter, the Defendants request a further status hearing. I have again reviewed the outstanding discovery requests articulated on pages 2-4 of ECF No. 109, as well as all prior submissions and the docket sheet in this case. I do not find that a hearing is necessary at this time.

Instead, by no later than **January 18, 2022**, Plaintiff is hereby ordered to file a response to ECF No. 109.  The response shall be in the form of a letter, not to exceed four pages in length, single-spaced (**excluding attachments**). The due date for Defendants' reply to that letter is

**January 21, 2022**. That response shall also be no longer than four pages in length, single-spaced (**excluding attachments**).

Plaintiff is put on notice that his failure to respond to this Order could lead to adverse consequences, including a finding that he has waived any and all objections to the interrogatory and document production requests made by the Defendants. If the Court ultimately finds that waiver has occurred, and that all requested discovery is consistent with Fed. R. Civ. P. 26(b)(1), it has several options. For instance, the Court could enter an order requiring Plaintiff to produce complete responses to the interrogatories and document production requests. Or, the Court could allow Defendants to file a motion for sanctions. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii), (vii).

Although informal, this is an Order of the Court and shall be docketed as such.

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge