IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK EKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 8:18-cv-02941-PX |
| | ) |
| UNITED THERAPEUTICS, et al. | ) |
| | ) |
| Defendant(s). | ) |

## PLAINTIFF'S RESPONSE TO LETTER ORDER REGARDING DISCOVERY

Dear Judge Simms,

Pursuant to the Court's January 10, 2022 order (ECF No. 121), Plaintiff Mark Eke provides the following response to ECF No. 109. Although Plaintiff reached a consensus with prospective attorneys and expected a retainer, the attorneys withdrew and Plaintiff has been unable to find a new attorney. Contrary to the defense counsel's misleading comments about Plaintiff's termination of previous legal counsel, Plaintiff will like to state that both previous attorneys failed to provide competent legal representation and voluntarily withdrew. Plaintiff's last counsel also provided inadequate, incomplete and sometimes incorrect response to the Defendants discovery related issues. Plaintiff is willing to properly respond to all outstanding discovery requests relevant to the pursuit of justice in this matter.

Plaintiff's Deposition – Plaintiff already provided his availability and received an Amended Notice of Deposition. Plaintiff will attend the deposition on January 19, 2022.

Third Supplemental Response to Interrogatory Nos 1, 3, 18 and 19

- Plaintiff provided supplemental response to the Defendants discovery deficiencies but his previous counsel Deyka Spencer failed to adequately present his response. Exhibit 1 is Plaintiff's response to ECF No. 90 which was provided to his previous counsel. The Pain and Suffering Affidavit stems from a Compensatory Damages Questionnaire (Exhibit No. 2) which Deyka Spencer provided while persuading Plaintiff to provide a settlement demand. Plaintiff never claims that he sought medical treatment from any medical provider and challenges Deyka Spencer to provide any records of such claims.
- Plaintiff has provided the contact information for all three pastors but is unable to make them available for depositions.
- In relation to the burden from Plaintiff's counsel to provide a settlement demand and attend private mediation, Plaintiff was sent a Compensatory Damages Questionnaire in which he shared details of his personal relationship with his counsel. Plaintiff's believed this information was solely for private mediation and was unaware that his previous

counsel included the questionnaire response in the third supplemental response to discovery dispute. Plaintiff is not interested in private mediation and believes this request is irrelevant.
- Plaintiff is not seeking compensation but rather justice for the wrongful termination, negligent supervision and sexual harassment was subject to during his employment at United Therapeutics. Plaintiff will only consent to a court mandated psychological examination.

Third Supplemental Response to Interrogatories Nos. 8/9 and Request for Production No. 7

- Plaintiff does not claim any fringe benefits, bonuses or equity shares because he did not receive any of these at any subsequent employer prior to 2018.

Third Supplemental Response to Document Request Nos. 6 and 20

- Plaintiff has provided all the electronic records in his possession and the defendants have successfully executed a subpoena for all Plaintiff's phone records including incoming and outgoing calls and text messages from AT&T.
- All communications between Plaintiff and Jenesis Rothblatt should already be available with the records recovered from the Defendant's AT&T subpoena. Plaintiff will comply with any further requests.

Third Supplemental Response to Document Request Nos. 7, 14, 16

- Plaintiff's previous counsels misled Plaintiff to complete the Compensatory Damage Questionnaire which included backpay calculations. As a result, Plaintiff already provided W-2s to show wages from 2017 – 2018. Plaintiff is not interested in private mediation and would like to focus on completing the necessary discovery and depositions before discovery closes in February.
- Plaintiff argues that his tax return is privileged information that is irrelevant to the claims in the original complaint. Defendant's request is not reasonably calculated to lead to the discovery of admissible evidence. Any relevance is outweighed by my privacy rights and no compelling need for the information has been shown.

Plaintiff will continue to move forward *pro se* until he retains new counsel.

Date: January 18, 2022

Respectfully Submitted,

/s/ Mark O. Eke
Mark Eke
8710 Cameron Street Apt 821
Silver Spring, MD 20910
(951) 587-5700 (telephone)
markeke@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2022, a copy of Plaintiff's letter response was served by electronic mail upon the following:

Raymond C. Baldwin, Esq.
rbaldwin@seyfarth.com

Eric J. Janson, Esq.
ejanson@seyfarth.com

Christine M. Costantino
ccostantino@seyfarth.com

SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004

*Counsel for Defendants*

/s/ Mark O. Eke
Mark O. Eke