IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK EKE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 8:18-cv-02941-PX |
| | ) |
| UNITED THERAPEUTICS, et al. | ) |
| | ) |
| **Defendant(s).** | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff Mark Eke (*pro se*) hereby responds to Defendants Motion to Strike and firmly asserts his claims for economic and non-economic damages as stated in his original complaint. Plaintiff prays for judgment against Defendant for all damages allowable by law, nominal statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by his complaint.

## BACKGROUND

Plaintiff has consistently informed the Court that the Defendants persistent discovery disputes stem from the Pain and Suffering Affidavit provided by Plaintiff's previous counsel. Plaintiff argues that he already provided sufficient documents to support the claim for damages listed in the affidavit but Plaintiff was ordered to a second deposition. Plaintiff's claims for damages cannot be moot if he already provided a demand for compensatory damages. Defendants have successfully used discovery deficiency disputes and private mediation to stall the discovery process and prevent Plaintiff from conducting sufficient discovery in this case. Plaintiff has been

traumatized and overburdened with extensive discovery responses, threats of surveillance of his home by the Defendants, requests for psychological examination by Defendants experts and threats of sanctions and other unreasonable requests by the Defendants.

During his final deposition and without legal representation, Plaintiff felt extremely intimidated by the Defendants and for fear of sanctions and additional financial burden, Plaintiff responded carelessly and his comments are being taken out of context. Plaintiff will like to clarify his comments by stating that he is seeking any damages that may be awarded by a jury at trial. Plaintiff intended to affirmatively state that he is not interested in any damage negotiations for private mediation rather he is willing to provide any documents requested by the Courts to support any economic and non-economic damages awarded by a jury at trial.

## **ARGUMENT**

I. **PLAINTIFF SEEKS DAMAGES**

Plaintiff has consistently stated his claims for damages in his original complaint and in his most recent responses to the Defendants discovery disputes. Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal, and punitive), expenses, attorney's fees, and for such other and further relief as may be just and proper. Plaintiff also provided the following monetary values for damages he could quantify in the Pain and Suffering affidavit which was intended for private mediation:

- Balance of ESPP account transferred to my current trading account:

    Options = 425

    SARs = 3186

- Balance of education assistance reimbursement = $25,500

- Employee maximum reimbursement – $30,000

    2017 Reimbursement - $4,500

    Balance = $25,000

- Back Pay = $88,587.48

    UT 2015 Gross Pay - $121,377.31

    New Job 2017 Gross Pay - $66,599.15

    New Job 2018 Gross Pay - $87,567.99

    Back Pay 2017 + 2018 = $88,587.48

- $16,453.05 – for period unemployed (13 weeks of unemployment – 8 weeks already paid).
- Attorney's Fees ($225k for former counsel- ongoing costs for current counsel ($10k subject to increase) and costs expended for litigation ($400+).

## II. PLAINTIFF RESPONDED UNDER DURESS

During the Court ordered deposition on March, 25 Plaintiff was asked to state all damages he is seeking including the type or amount of monetary relief or other damages sought. Plaintiff explained that with no legal expertise, he was unable to come up with a monetary value for all allowable damages. The Defendants cited his response as refusal to respond to deposition questions as ordered by Judge Simms and requested an emergency hearing. During this emergency discovery hearing, Judge Simms ordered Plaintiff to provide full and complete responses or be sanctioned for non-compliance with the Court's order. For fear of additional financial burden and the trauma of self-representing in such complex litigation, Plaintiff believe that dismissing the compensatory damages listed in the affidavit would relief his of the burden of the deposition.

During the call Plaintiff stated that he has no experience calculating damages and will rely on the Court to award damages.

| | |
|---|---|
| *Mark Eke*: | *Plaintiff is seeking trial by jury as ordered by Judge Xinis. Plaintiff has no experience in requesting or formulating or calculating damages in the case like this. Plaintiff has never been an attorney, Plaintiff has no experience of employment law, and Plaintiff has no knowledge of how to calculate damages in the case like this.* |

Plaintiff Pleads with the court to DENY the Defendants motion to Strike.

Date: May, 26 2022                                           Respectfully Submitted,

/s/ Mark O. Eke
Mark Eke
8710 Cameron Street Apt 821
Silver Spring, MD 20910
(951) 587-5700 (telephone)
markeke@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2022, a copy of Plaintiff's motion was served by electronic mail upon the following:

Raymond C. Baldwin, Esq.
rbaldwin@seyfarth.com

Eric J. Janson, Esq.
ejanson@seyfarth.com

Christine M. Costantino
ccostantino@seyfarth.com

SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004

*Counsels for Defendants*

/s/ Mark O. Eke
Mark O. Eke