IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MARK EKE, | * |
| Plaintiff, | * Civil Action No.: 8:18-cv-2941 |
| vs. | * |
| UNITED THERAPEUTICS, et. al., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAIINTIFF'S MOTION TO EXTEND TIME TO FILE RESPONSE
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Mark Eke, (Plaintiff), by and through the undersigned counsel, George A Rose, Esquire, hereby requests the Court to extend the deadline for filling of Plaintiff's response to Defendants' Motion for Summary Judgment to March 4, 2023, and in support thereof states as follows:

1. That on February 3, 2023, Defendants' filed Defendants' Motion for Summary Judgment.

2. That pursuant to this Court's Order, Plaintiff's response is due March 3, 2023.

3. That Plaintiff's worked diligently to completed and timely file the motion. However, on March 3, 2023, the day Plaintiff's response is due, Plaintiff's undersigned counsel had an unavoidable scheduled deposition and the said week involving a heavy litigation schedule. Plaintiff's response motion is substantially completed, and Plaintiff needs one additional day to finalize and file the response motion.

4. Consequently, Plaintiff requests the Court to extend the deadline until Saturday March 4, 2023, for Plaintiff to file his response to Defendants' Motion for Summary Judgment.

5. On March 3, 2023, at around 9:30 p.m., after it became apparent to Plaintiff's counsel that Plaintiff may not meet the timeline for filing his response, Plaintiff's counsel sent Mr.

Eric Janson, Esquire, Defendants' counsel, an email requesting consent to the relief requested in this motion. Mr. Janson did not respond and giving the time may have not seen the email.

6. A court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(b)(1)(A) Plaintiff's request to extend time is for good cause and is not intended to or will result in undue delay in this matter. It is well-settled that district courts have broad discretion to manage the timing of discovery, *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934, 107 S.Ct. 1575 (1987), and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). "Good cause" is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D. Md.1999) (*quoting Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D. S.C. 1997).

7. Here as the moving party Plaintiff has shown good cause because Plaintiff has substantially completed the response and but for the March 3, deposition conducted by Plaintiff's counsel, and attenuating litigation activities, Plaintiff would have made the timeline, and therefore is requesting only an additional day. Plaintiff noted the Court's caution regarding any further extension of the briefing schedule on subject dispositive motion, took it very seriously as required, with the dread of been in the current circumstances and the urgency of avoiding it. Plaintiff plea with the Court as this request only involves one day and is on the weekend.

**WHEREFORE**, Plaintiff respectfully request that this Court enter the attached order extending the deadline for filing of the Plaintiff's response to Defendants' Motion for Summary Judgment to March 4, 2022.

Respectfully Submitted,

*/s/ George A. Rose*
George A. Rose, Esq.,
Federal Bar No.: 26086
Rose Law Firm, LLC
9134 Liberty Road, Randallstown, MD.  21202
Telephone #: 410-727-7555
Facsimile #: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Mark Eke*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3th day of March 2023, a copy the foregoing Plaintiff's Motion for Extension of Time To File Response in Opposition to Motion for Summary Judgment, was served on counsel of record by the Court's CM/ECF system.

*/s/ George A. Rose*