IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK EKE, | * |
| Plaintiff, | *  Civil Action No.: 8:18-cv-2941 |
| vs. | * |
| UNITED THERAPEUTICS, et. al., | * |
| Defendant. | * |

**PLAINTIFF'S REPLY TO OPPOSITION TO EXTENSION OF TIME MOTION.**

MARK EKE, (hereinafter, "Plaintiff" or "Mr. Eke"), by and through the undersigned counsel, George A Rose, Esquire, submits this Plaintiff Reply to Defendants' Opposition To Motion To Extend Time To File Response To Defendant's Counterclaims and in support thereof states as follows:

1. Contrary to the Defendant UTs' contentions in its opposition motion, the reasons, and grounds for Plaintiff's request for an extension were adequately and properly provided and Plaintiff's Answers to Defendants' counterclaims, though repetitive, are substantive in nature and reflect facts, factual inferences, evidence, and admissions in the records of the case. The same is true for the affirmative defences raised by Plaintiff in his answer to the counterclaims.

2. Plaintiff clearly does not concede, and this Court should not consider Plaintiff's Answer to the counterclaims as conceding to Defendant's motion for default. Plaintiff's answer set forth meritorious defences. To start with, Plaintiff's defence of duress to the severance agreement, on which Defendant UT based its claims of breach of contract, unjust enrichment and detrimental reliance that are pled in the counterclaim, was found sufficiently credible by this court such that Defendants' Motion to Dismiss Plaintiff's Complaint based on the severance agreement was denied by this Court. Dkt. Nos. 75, 78

3. However, even if the Court showed view Plaintiff's Answer to the counterclaims as conceding the claims, Plaintiff's circumstances are still sufficient to meet the standards for vacating an order of default. Furthermore, under Rule 55 , Defendant UT "is not automatically entitled to default judgment simply because the defendant responded late or not at all. Choice Hotels Int'l, Inc. v. Aalia Hosp. Corp., Civil Action No. 8:18-cv-01526-PX (D. Md. Jul. 3, 2019) When possible, cases should be decided on the merits. United States v. Schaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993).

4. Plaintiff has demonstrated personality responsibility.  On October 18, 2021, the court directed the Clerk to docket Defendants Amended Answer and Counterclaims to Plaintiff's Complaint.  Dkt. No. 106 In the same order, the court acknowledged that pending before the Court were outstanding discovery issues pertaining to ECF Nos. 81, 90, 92, and 98-1. Id. The Court also directed Defense counsel "to monitor the docket sheet for resolution of Plaintiff's counsel's "Consent Motion to Withdraw as Attorney of Record." If this motion is granted, Defense Counsel is directed to contact Plaintiff to resolve the outstanding discovery disputes outlined in ECF No. 98-1.  Id. On the said October 18, 2021, Defendant United Therapeutics filed its Amended Answer and Counterclaims To Plaintiff's Complaint. Dkt. No. 107. Plaintiff counsel's motion to withdraw was granted and on November 12, 2021, Mr. Eke requested this Court to extend the remaining schedule on the case for 90 days to enable him to obtain legal counsel in for his case. Dkt. No. 111.  The court however declined and gave him until December 31, 2021. The Court noted that "If Plaintiff is unable to secure counsel, he shall continue to proceed *pro se* … Dkt. 115 This put Plaintiff at a disadvantage and gave defendants the opportunity to use discovery tools to intimidate, confuse and defeat Plaintiff on technicalities.  There is no evidence in the records of the case that Plaintiff was even directly aware of Defendant United Therapeutics counterclaim, while Plaintiff

remained in the throes of discovery battles pertaining to his own Complaint. Plaintiff's request to extend the case schedule by 90 days clearly showed that Plaintiff recognized the complexity and gravity of the case and demonstrated personal responsibility in seeking time to obtain legal counsel before he was compelled by the Court into continue pro se. Considering that the court should take judicial notice of the COVID pandemic and its impact on the court's operation and life generally, there was no overriding judicious reason for the court to deny the 90 days case schedule extension requested by Plaintiff.

5.  In exercising its description, the "[c]ourts should give weight to the fact that a litigant is pro se when determining whether neglect is excusable." 16A Wright & Miller § 3950.3 at 298. Yet, "mistakes by those who proceed without counsel are not necessarily excusable." Nicholson v. City of Warren, 467 F.3d 525, 527 (6th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993) Ward v. Branch Banking & Tr. Co., Civil Action No.: ELH-13-1968 (D. Md. Aug. 25, 2016) Here, although Mr. Eke proceeded without counsel, at that stage he was compelled by the court "continue to proceed *pro se* … Dkt. 115. Consequently Plaintiff's failure to recognize the filing of Defendants counterclaim, at the time when his attorney's motion to withdraw was pending and the subsequent period through which he was faces with barrages of discovery motions and orders in an intimidating discovery process meets the standards for both good cause and excusable neglect. Additionally, unlike a hardcopy complaint with a summons giving notice to Plaintiff of his obligation to respond, this countercomplaint was filed electronically, at the time when Plaintiff had an attorney of record.

6.  On November 23, 2022 Plaintiff's current counsel of record requested Defendant UT's consent to a motion for leave for Plaintiff to file an answer or response to Defendant UT's countercomplaint. Dkt. No. 166-1 Defendant UT's counsel denied the request. Ultimately,

Plaintiff's Answer was not filed before Defendant UT's motion the Clerk to enter an order of default.  However in the circumstances of this case where Defendant UT would have the court apply Rule 55 standards , the court should apply the standards of Rule 60(b) on Grounds for Relief From a Final Judgment and the precedence found in <u>Life Ins. Co. of North America vs. Monroe</u> establishing that, "Under Rule 60, " [w]hen the party is blameless and the attorney is at fault … a default judgment should ordinarily be set aside. When the party is at fault … the party must ordinarily defend its conduct in order to show excusable neglect." <u>Life Ins. Co. of North America v. Monroe</u>, 236 F.R.D. 255 (D. Md. 2006) Here for the period of time after undersigned counsel entered into the case, Plaintiff is blameless as a party. Furthermore, discovery was then already closed, and Plaintiff was facing a motion to strike or dismiss a moot and for sanctions.

"[A] district court should find 'excusable neglect' only in the 'extraordinary cases where injustice would otherwise result.'" Thompson, 76 F.3d at 534 (emphasis in original). Yes, "[e]xcusable neglect is not easily demonstrated, nor was it intended to be." Id. However, "the most important factor considered by a court is the reason for the delay." Rothenberg v. Marriott Int'l, Inc., 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citing Thompson, 76 F.3d at 534); see also States v. Munoz, 605 F.3d 359, 372 (6th Cir. 2010) ("[T]he Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import."). <u>Atakulu v. Md. Dep't of Human Res</u>., Case No.: GJH-14-0904 (D. Md. Jun. 26, 2014) The extraordinary circumstances under which Plaintiff was compelled to proceed with the litigation pro se, thus missing the opportunity for legal counsel to timely response to Defendant's UT's counterclaim, should allow the court to find excusable neglect here.  This original reason for the delay is the most important factor and set in motion the extended period of time where Plaintiff failed filed and answer as a pro se litigant.  Defendant UT' also took advantage of the circumstances by failing to timely file

the motion for default and therefore does not come to the court with clean hands.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully request that this Court deny the Opposition and grant Plaintiff's Extension Request.

Respectfully Submitted,

*/s/ George A. Rose*
George A. Rose, Esq.,
Federal Bar No.: 26086
Rose Law Firm, LLC
9134 Liberty Road, Randallstown, MD.  21133
Telephone #: 410-727-7555
Facsimile #: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Mark Eke*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2023, a copy the foregoing Plaintiff's Reply To Opposition To Motion for Extension of Time, was served on counsel of record by the Court's CM/ECF system.

 */s/ George A. Rose*