IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK EKE, | * | |
| Plaintiff, | * | Civil Action No.: 8:18-cv-02941 |
| vs. | * | |
| UNITED THERAPEUTICS, et. al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS

On July 24, 2019, Plaintiff filed an Amended Complaint against Defendant, on the basis of a hostile work environment, sex discrimination, and quid pro quo sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and Md. Code Ann., State Gov't § 20-601, et seq. ("Title 20").

On August 16, 2023, Defendant's Motion for Summary Judgment was granted by this Court.  On August 30, 2023, Defendant filed a Bill of Costs with the Court (See Dkt. #179). Therein, Defendant seeks an amount of $48,169.18 of costs to be paid by Plaintiff to Defendant. In support of the $48,169.18 amount, Defendant indicated the "Fees for Private Servers for Third-Party Subpoenas" is $1,795.50, "Court Reporter and Videographer Fees in Connection with Depositions" is $18,090.74, "Court Ordered Hearing Transcripts" is $592.20, and "Copies of Materials Necessarily Obtained for Use in the Case" is $27,695.74. (See Dkt. #179-1).

### I. The Legal Standard

Fed. R. Civ. P. 54(d)(1) provides that "unless a federal statute or the Court's rules provides otherwise, costs --- other than attorney's fees---should be allowed to the prevailing party." See Id.; see also *Youssef v. Federal Bureau of Investigation*, 762 F. Supp.2d 76, 80 (D.D.C. 2011). The

statute, 28 U.S.C. § 1920, lists the costs that a prevailing party may recover, among other things, (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (2) fees and disbursements for printing and witnesses. See Id.  Although "the rule creates the presumption that costs are to be awarded to the prevailing party," *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999), the court retains "discretion to deny an award of costs" so long as the non-prevailing party articulates "good reason" for the denial. Ellis v. Grant Thornton LLP, 434 Fed. App'x, 232, 235 (4th Cir. 2011). "Good reason" includes "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 Fed. Appx. at 235 (citing *Cherry*, 186 F.3d at 446). In essence, costs may be denied where a presumptive cost award carries with it an "element of injustice." Id. (quoting Cherry, 186 F.3d at 446). *United States Equal Emp't Opportunity Comm'n v. Enoch Pratt Free Library,* Civil Action 8:17-cv-02860-PX, at 2 (D. Md. Sep. 2, 2022)

Furthermore, "Within the categories set by 28 U.S.C. § 1920, the court has broad discretionary authority in allowing or disallowing trial costs. *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D.Md. 1989)" *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002) Here, the court should deny the Defendant's bill of cost for good reasons, and because they are not taxable and were not necessarily obtained for use in the case.

## II.    Argument

A.   **There are Good Reasons for the Court to Deny the Bill of Cost**

The bill of cost is excessive in this particular case. "The Fourth Circuit has recognized that the excessiveness of an award of costs is a factor justifying the denial of costs to the prevailing party." *Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 589 (D. Md. 2004)

The bill of cost is excessive because it seeks cost from Phase 1 and Phase 2 of the litigation in the case. In the early stages of the litigation, Defendant requested bifurcation of discovery in the case. Dkt. 39 Consequently, this Court ordered a Phase 1 and a Phase 2 for discovery in the case. Dkt. 43 At the end of Phase 1, Defendant brought summary judgment but did not prevail. Dkt. 59, Dkt. 75 This court found that Plaintiff had "generated sufficient evidence" to avoid summary judgment in Phase 1 of the litigation. Dkt. 174 at 12-13 Phase 2 of the litigation began after March 8, 2021, when the parties filed a joint proposed scheduling order for the start of Phase 2 of the litigation of the case.

The court must therefore deny all items on the bill of cost preceding March 2021 that pertain to discovery in Phase 1 of the litigation because Defendant did not prevail on its motion for summary judgment. Defendant requested bifurcation at both the discovery and trial phase of the litigation to "expeditiously dispose of the threshold matter of Plaintiff's release and waiver" in Plaintiff's severance agreement with Defendant. The items on the bill of cost are substantially related to Phase 1 of the litigation, incurred based on Defendant's strategy to focus on the threshold matter of Plaintiff's release and waiver". On this matter, Defendant brought summary judgment and did not prevail. Defendant now seeks to recoup Phase 1 discovery cost through the cover of its prevailing status on summary judgment on the substantive claims in Plaintiff's case, litigated in Phase 2 discovery. This makes the cost excessive to Defendant's own strategy and conduct.

**B.     Not All The Items on The Bill of Cost are Taxable or Were Necessarily Obtained for Use in The Case**

The bill of costs includes items that are not taxable, and or were not necessarily obtained for use in the case. To be taxable, the cost must be "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "reasonably necessary at the time of its taking," *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)

1. **Fees for Private Process Servers for Third-Party Subpoenas**

In *Wyne v. Medo Industries, Inc*., 329 F. Supp. 2d 584, 590 (D. Md. 2004), the Court, in its discretion, only taxes the private process server fees associated with the depositions that terminated the litigation.  In this case, except for Plaintiff, none of the fees for Private Process Servers for Third-Party Subpoenas relating to deposition in Phase 2 of discovery are associated with the termination of the litigation. Dkt 179 – 3 Consequently, the court should deny the unrelated private process server items in the bill of cost.

2. **Court Reporter and Videographer Fees in Connection with Depositions**

The Court must deny the Court Reporter and Videographer fees on the bill of cost. This Circuit has held that a party seeking to award cost must demonstrate that both costs of the videography and the deposition transcript were "necessarily obtained for use in the case," *See Tilton*, 115 F.3d at 1478 (stating that the district court must find an independent, legitimate use for both the transcription and the video recording before both sets of costs can be recovered under 28 U.S.C. § 1920(2))  *Cherry v. Champion International Corp*., 186 F.3d 442, 449 (4th Cir. 1999) The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial. *Id*.  Here Defendant has not demonstrated an independent legitimate and necessary use for the five videographic depositions obtained in the case, three (3) of which were the Plaintiff. Clearly, this bears on duplication and convenience and must be denied.

Furthermore, Maryland courts have found and concluded "that it is reasonable to tax only those depositions submitted in connection with the dispositive motion that terminated the litigation." *Wyne* at 584, 589 (D. Md. 2004). In the instant case, of the seven (7) videography and transcripts relating to depositions on Defendant's bill of cost, only one, (1) that of Plaintiff, (Dkt

165 – 10 and Dkt 165 – 3) was submitted and used by Defendant in support of their successful motion for summary judgment in Phase 2 of Discovery.

### 3.     Copies of Materials Necessarily Obtained for Use in the Case

With regard to duplication of electronically stored information (ESI), making copies for purposes of cost recovery under Section 1920(4) is expressly limited to the cost of converting native files to non-editable formats and copying those files onto discs. *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc*., 718 F.3d 249, 260 (4th Cir. 2013) (*Country Vintner II*) *RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc*., Civil Action No. WMN-09-1668, at 17-18 (D. Md. Apr. 7, 2016) Copy costs are recoverable only if the copies are: (1) exhibits conventionally filed with the Clerk, (2) required courtesy copies for the judge, (3) documents that could not be filed in CM/ECF and were required to be served on the opposing party, and (4) documents conventionally served on the opposing party because the opposing party did not have a CM/ECF account. Id. at § II.H.l. No other costs may be ordered. *Shlikas v. Sallie Mae, Inc*., CIVIL NO.: WDQ-06-2106, at 5 (D. Md. Nov. 15, 2011)

As an initial matter, Defendant has not shown that it was necessary to obtain metadata ESI regarding the discovery information it sought from Plaintiff's phone, consisting substantially of text messages. "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." *Ford v. Zalco Realty, Inc*., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)." *RG Steel Sparrows Point,* at 14 (D. Md. 2016) No metadata is in the records of the case, and none was used in support of Defendant's motion for summary judgment. Additionally, Defendant has shown no proof that the files were converted into non-editable formats.

Furthermore, Defendant has not demonstrated that the copies were conventionally filed with the court, invoiced courtesy copies for the judge, could not be filed in CM/ECF, and were

required to be served on Plaintiff. In fact, substantial portions of the copying pertained to "information requested by Plaintiff" which Defendant produced in Phase 1 discovery. Dkt. 179-1 at 2 The Supreme Court has emphasized that "costs almost always amount to less than the successful litigant's total expenses," and §1920 is "limited to relatively minor, incidental expenses." *Taniguchi*,132 S.Ct. (2006). Moreover, "the presumption is that the responding party must bear the expense of complying with discovery requests." *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc*., 718 F.3d 249, 261 (4th Cir. 2013)

In the instant case, Defendant is seeking to pass on the cost of complying with the discovery request to Plaintiff and recovery cost beyond relatively minor incidental expenses. This court must not allow that to happen.

### III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests for this Honorable Court to Deny Defendant's Bill of Cost or in the alternative to substantially reducing Defendant's Bill of Cost, grant Plaintiff such other relief as the cause may require.

Respectfully Submitted,

*/s/ George A. Rose*

George A. Rose, Esquire
Federal Bar No.: 26086
Rose Law Firm, LLC
9134 Liberty Road, Baltimore, MD  21133
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net
*Attorney for Plaintiff Mark Eke*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2023, a copy of the foregoing Plaintiff's Objection to Defendant's Bill of Costs was served on counsel of record by the Court's CM/ECF system.

*/s/ George A. Rose*